Hearing Date: February 4, 2015 at 10:00 a.m.
Objection Deadline: January 28, 2015 at 5:00 p.m.

Edward J. LoBello
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, NY 10018-0026
(212) 763-7030 (Telephone)
(212) 239-1311 (Telecopy)
Email: elobello@msek.com

*Counsel for Vaia Delidimitropulu Karantinidis*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Chapter 11

In re:                                                                     Case No. 14-13455 (SHL)

**HEPHAISTOS BUILDING SUPPLIES INC.,**

                                        Debtor.

------------------------------------------------------------------------X

### MOTION OF VAIA DELIDIMITROPULU KARANTINIDIS FOR ORDER (I) DISMISSING THE CASE PURSUANT TO 11 U.S.C. §1112(b), OR ALTERNATIVELY, (II) (A) APPOINTING A TRUSTEE OR EXAMINER PURSUANT TO 11 U.S.C. §1104, (B) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d), AND (C) AUTHORIZING EXAMINATION OF DEBTOR PURSUANT TO BANKRUPTCY RULE 2004

**TO:    THE HONORABLE SEAN H. LANE,
        UNITED STATES BANKRUPTCY JUDGE:**

Vaia Delidimitropulu Karantinidis ("Delidimitropulu" or the "Movant"), a party

in interest, hereby moves for an Order of this Court (a) dismissing the Chapter 11 case of

Hephaistos Building Supplies Inc. (the "Debtor") pursuant to 11 U.S.C. §1112(b), or in

the alternative, (b) (1) appointing a Trustee or Examiner pursuant to 11 U.S.C. §1104 and

(2) modifying the automatic stay pursuant to 11 U.S.C. 362(d)(1), and (3) authorizing a

Bankruptcy Rule 2004 examination of the Debtor, and respectfully represents as follows:

## INTRODUCTION

1.     On December 22, 2014 (the "Petition Date"), the Debtor filed a petition

for reorganization under Chapter 11, Title 11, United States Code (the "Bankruptcy

Code") with this Court.

2.     No Trustee, Examiner or Official Committee of Unsecured Creditors has

been appointed herein.

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and 11 U.S.C. §§101, et seq. (the "Bankruptcy Code").    This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

4.     Venue is proper pursuant to 28 U.S.C. § 1409.[1]

5.     The statutory basis for the relief requested is §§ 362, 1104 and 1112 of the

Bankruptcy Code, as complemented by Rules 2004, 4001, 9013 and 9014 of the Federal

Rules of Bankruptcy Procedure.

## CASE BACKGROUND

6.     Delidimitropulu holds a PhD. in Psychology and is a licensed clinical

psychologist.  Delidimitropulu is married to Michael Karantinidis ("Karantinidis"), the

President and putative majority or sole shareholder of the Debtor.

---

[1] Although venue of this Motion is proper pursuant to 28 U.S.C. § 1409, venue of the Debtor's Chapter 11 case may be improper, as the Debtor's sole place of business is in the Eastern District of New York (Astoria, Queens).  The Office of the United States Trustee has filed a motion to transfer venue of the Debtor's case to the Eastern District of New York.

7.    Delidimitropulu and Karantinidis have been married for 31 years. They have two children, both of whom have now reached the age of majority.

8.    On November 19, 2013, Delidimitropulu initiated a divorce proceeding in an action entitled <u>Vaia Delidimitropulu Karantinidis v. Michael Karantinidis</u>, Supreme Court of the State of New York, Queens County, Index No. 21227/2013 (the "State Court Action"). In the State Court Action, Delidimitropulu seeks equitable distribution of marital property, including the equity interests in the Debtor.

## THE DEBTOR

9.    The Debtor was founded in or about May 1994 by Karantinidis and Delidimitropulu's father, Theodoros Delidimitropoulos ("Theodoros"). Theodoros was also an employee of the Debtor, until the Petition Date, when Karantinidis, on behalf of the Debtor, terminated his employment.

10.    Theodoros is intimately familiar with the Debtor and its operations. In 1994, Theodoros and Karantinidis opened the Debtor for the manufacture and sale of building supplies, with a specialty in the production of metal building studs.

11.    For the past twenty years, Theodoros and Karantinidis have been partners in the operation of the Debtor, during which time Theodoros worked at the Debtor's store six days a week from 6:30 a.m. to 6:30 p.m. managing its day-to-day operations. Karantinidis was not involved in the day-to-day operations of the Debtor; he was running other businesses. Throughout that time, Theodoros made significant capital contributions to the Debtor for the purposes of growth and expansion of the business. Consequently Theodoros is intimately familiar with the Debtor, its business, its operations, its customers, its profitability and its financial obligations.

12.    Theodoros has reviewed the List of Creditors filed with the Debtor's bankruptcy petition, and has observed that those "creditors" are not creditors at all. Instead, Theodoros has advised that these entities are all customers of the Debtor, and collectively owe the Debtor approximately $1.7 million.

13.    Based on Theodoros' knowledge of the Debtor's business, the Debtor is not insolvent, has no creditors to speak of, and has no reason to file this Chapter 11 case other than as a litigation tactic relating to the State Court Action.

14.    As recently as December 12, 2014, less than one month ago, in papers filed in another litigation in State Court, counsel for the Debtor and Karantinidis characterized the Debtor as "the jewel of the [marital] assets". Historically, the Debtor has enjoyed gross revenues of approximately $9,000,000 - $12,000,000 annually.

## THE STATE COURT ACTION

15.    The State Court Action is by no means a consensual proceeding. It has been marked by controversy and litigation from its inception. In fact, to date, Delidimitropulu has been constrained to file nine (9) motions for various relief, including, but not limited to, obtaining discovery and financial access from Karantinidis, ensuring that corporate assets (which constitute marital property) not be dissipated or intermingled, seeking an Order of Protection against Karantinidis, and seeking to hold Karantinidis in contempt for his failure to comply with Orders in the State Court Action, as summarized below:[2]

### February 6, 2014 – Order to Show Cause (Decided)

16.    Delidimitropulu's February 6, 2014 motion brought by Order to Show Cause was granted to the following extent:

---

[2] The State Court has decided four (4) of these motions. Five (5) motions are still pending.

     a.     Each party was required to provide the other with regular access to all business records of all such party's business entities;

     b.     Neither party was permitted to start a new business or venture not already in contract or progress; and

     c.     Neither party was permitted to transfer any monies between entities held by any party except upon mutual consent evidenced by a writing.

A copy of the March 12, 2014 Court Order which granted such motion is attached hereto as

**Exhibit "A"**.

### March 25, 2014 - Motion (Decided)

     17.     Delidimitropulu's March 25, 2014 motion was granted to the following extent:

     a.     Karantinidis was required to provide Delidimitropulu with copies of any and all business receipts on a weekly basis beginning Monday, April 14, 2014 and continuing on every Monday thereafter;

     b.     Karantinidis was required to provide Delidimitropulu with copies of all monthly bank statements; and

     c.     Delidimitropulu was required to provide weekly accountings regarding her business.

A copy of the April 8, 2014 Court Order which granted such motion is attached hereto as

**Exhibit "B"**.

### May 8, 2014 – Order to Show Cause (Decided)

     18.     Delidimitropulu's May 8, 2014 motion was granted to the following extent:

     a.     Delidimitropulu was to be provided weekly access at a mutually agreeable time to ascertain the books and records of Hephaistos Building Supplies, Inc., including point-of-sale logs and generated receipts and backups;

     b.     Karantinidis was required to provide Hephaistos Building Supplies Inc.'s point-of-sale computer password to Delidimitropulu;

c.       Karantinidis was required to comply with the Notice for Discovery and Inspection and First Set of Interrogatories served by Delidimitropulu, responses to which were due April 28, 2014;

d.       Karantinidis was required to produce monthly bank statements for his business entities as was previously ordered by the Court on April 8, 2014; and

e.       Karantinidis was directed to provide complete copies of his business and tax returns for the past six (6) years, and in the event he cannot do so, he was directed to execute IRS 4506 Forms to authorize Delidimitropulu to obtain copies of such documents directly from the IRS.

A copy of the November 13, 2014 Court Order which granted such motion is attached hereto as

**Exhibit "C".**[3]

**June 18, 2014 – Motion (Pending)**

19.       Delidimitropulu's June 18, 2014 motion, which is still pending, seeks the

following relief:

a.       Karantinidis to permit the computer forensic firm of PMR Group to clone the computers, which are controlled exclusively by Karantinidis, that maintain the financial records of the marital businesses, *to wit*: Hephaistos Building Supplies, Inc., Hephestos Tile Supplies, Inc., Michael Karantinidis M.C.E., P.E., P.C., International Geotechnical Structural Laboratories, Geotech Enterprises Inc., Hephaistos Developing, LLC., and Thea Polis, LLC;

b.       Karantinidis to disclose all locations where the computer records of the parties' business entities, *to wit*, Hephaistos Building Supplies, Inc., Hephestos Tile Supplies, Inc., Michael Karantinidis M.C.E., P.E., P.C., International Geotechnical Structural Laboratories, Geotech Enterprises Inc., Hephaistos Developing, LLC., Thea Polis, LLC, operate and are kept;

c.       Karantinidis to maintain all records of Hephaistos Building Supplies, Inc., including but not limited to accounting records, only at the premises of Hephaistos Building Supplies, Inc.;

d.       Should the Court direct the appointment of an attorney referee to oversee discovery, costs to be allocated by the Court; and

e.       Award Delidimitropulu counsel fees in the amount of $7,500 for the making of such motion.

---

[3] Karantinidis requested a temporary restraining order from the Appellate Division regarding the November 13, 2014 Order, which request was denied.

**August 1, 2014 – Motion (Pending)**

20.    Delidimitropulu's August 1, 2014 motion, which is still pending, seeks the

following relief:

a.    An Order of Protection in favor of Delidimitropulu, directing Karantinidis not annoy or harass Delidimitropulu;

b.    Karantinidis to stay away from Delidimitropulu's place of business, *to wit*, Aristotle Psychological and BioFeedback Services, located at 31-09 37th Street, Astoria, NY 11106;

c.    Holding Karantinidis in contempt for violating the March 12, 2014 Court Order, which prohibits him from transferring money between the marital businesses; and

d.    Holding Karantinidis in contempt for violating the April 8, 2014 Court order, which directs him to provide copies of monthly bank statements to Delidimitropulu.

**September 19, 2014 – Motion (Pending)**

21.    Delidimitropulu's September 19, 2014 motion, which is still pending,

seeks the following relief:

a.    Prohibiting Karantinidis from purchasing tools, equipment or machinery over the amount of $5,000.00 personally or through marital business entities, including but not limited to Hephaistos Building Supplies, Inc., Hephestos Tile Supplies, Inc., Michael Karantinidis M.C.E., P.E., P.C., International Geotechnical Structural Laboratories, Geotech Enterprises Inc., Hephaistos Developing, LLC., and Thea Polis, LLC, without the permission of the Court or consent of Delidimitropulu.

b.    Karantinidis to disclose the individuals currently on the payroll of the parties' marital businesses, Hephaistos Building Supplies, Inc. and International Geotechnical Structural Laboratories;

c.    Delidimitropulu to have access to and oversee the marital businesses when Karantinidis is absent from said business;

d.    Karantinidis to provide Delidimitropulu with a weekly accounting of any and all expenditures made on the multi-story construction project located at or around 37-01 24th Street, also known as 24-14 37th Avenue, Astoria, New York; and

e.    Karantinidis to pay counsel fees in the amount of $10,000.00 for the making of this motion.

## November 10, 2014 – Order to Show Cause (Pending)

22.    Delidimitropulu's November 10, 2014 motion, which is still pending,
seeks the following relief:

a.    Prohibiting Karantinidis from encumbering any of the parties' joint businesses
and/or properties with loans.

## December 8, 2014 – Order to Show Cause (Pending)

23.    Delidimitropulu's December 8, 2014 motion, which is still pending, seeks
the following relief:

a.    Prohibiting Karantinidis from encumbering any of the parties' joint
businesses and/or properties with loans;

b.    For an order directing a date for the Order of Protection hearing before the
Court; and

c.    For the Court to grant the proposed order settled before the Court on
December 4th, 2014.

## December 29, 2014 – Order to Show Cause (Decided)

24.    Delidimitropulu's December 29, 2014 motion was granted to the
following extent:

a.    On January 13, 2015 Delidimitropulu's accountant would be permitted to inspect
the books and records of Hephaistos and any other associated or related companies;

b.    On January 12, 2015, Delidimitropulu's accountant would be permitted to inspect
Karantinidis' engineering office and any other associated or related companies;

c.    Karantinidis is to have the books and records available at the dates and times
ordered and someone to grant access to Delidimitropulu's accountants;

d.    Karantinidis' accountant to inspect the financial records of Delidimitropulu's
psychology practice, which Delidimitropulu's may redact to comply with the HIPPA regulations;

e.    Karantinidis to inspect Aristotle Physc & Biofeedback on January 16, 2015;

f.    Both parties are ordered to comply with any outstanding discovery by February 2,
2015; and

g.    Delidimitropulu's motion seeking contempt was adjourned to February 2, 2015.

Copies of the two January 6, 2015 Court Orders which decided such motion are attached

hereto as **Exhibit "D"**.[4]

### THE DEBTOR'S CHAPTER 11 CASE
### SHOULD BE DISMISSED

25.    Section 1112(b)(1) of the Bankruptcy Code provides that:

> Except as provided in paragraph (2) and subsection (c), on
> request of a party in interest, and after notice and a hearing,
> the court shall convert a case under this chapter to a case
> under chapter 7 or dismiss a case under this chapter,
> whichever is in the best interests of creditors and the estate,
> for cause unless the court determines that the appointment
> under section 1104(a) of a trustee or an examiner is in the
> best interest of creditors and the estate.

26.    Although not expressly set forth in the Bankruptcy Code, it is widely

accepted that a lack of good faith is a basis to dismiss a Chapter 11 case.  See In re

Hartford & York LLC, Case No. 13-45563, 2014 WL 985449, at *3 (Bankr. E.D.N.Y.

Mar. 13, 2014) (citing C-TC 9th Ave. P'ship v. Norton Co., 113 F.3d 1304, 1310-11 (2d

Cir. 1997)).  As the leading treatise on bankruptcy has observed:

> [S]ituations in which good faith have been found to be
> lacking include those involving (1) filing of false or
> misleading information, (2) use of bankruptcy as vehicle to
> defraud others, (3) the persistent failure to comply with
> applicable court orders, rules or procedures, (4) use of the
> bankruptcy process to escape familial obligations, (5) the
> secretion of property and other efforts to avoid the disclosure
> of assets, (6) use of the bankruptcy system simply to avoid the
> consequences of prior misconduct, (7) the filing of a case to
> avoid an obligation under circumstances in which the debtor
> is not in need of reorganization, (8) the absence of legitimate
> debt, (9) the absence of any likelihood of rehabilitation, (10)
> use of bankruptcy as a vehicle to resolve disputes solely

---

[4] Karantinidis requested a temporary restraining order from the Appellate Division regarding the January 6, 2015 Order, which request was denied.

between equity participants, (11) use of the bankruptcy process merely to frustrate the rights of creditors (particularly with respect to single asset cases) or to coerce unfair treatment, (12) successive filings without any change in financial condition and (13) the so-called new debtor syndrome, which a debtor is created or property is transferred, sold for the purpose of commencing a bankruptcy case.

7 Collier on Bankruptcy §1112.07[2] (Alan N. Resnick and Henry J. Sommer eds., 16th ed.)

27.     Remarkably, of the thirteen (13) indicia of a bad faith filing set forth above, the first eleven (11) are present here:

- One, the Debtor filed a "barebones" petition, devoid of almost any meaningful information. But the little information that it did file is misleading. The Debtor has filed what it alleges be a List of Creditors; however, as set forth above and in the accompanying affidavit of Theodoros Delidimitropulu, those "creditors" are not creditors at all. Those entities are all customers of the Debtor, and collectively owe the Debtor approximately $1.7 million.

- Two, it appears that Karantinidis is attempting to use the bankruptcy of the Debtor to defraud Delidimitropulu. There does not appear to be a legitimate reason for the bankruptcy filing. Instead, it appears that Karantinidis is seeking to hide behind the protections typically afforded honest debtors under the Bankruptcy Code.

- Three, as set forth in the history of the State Court Action described above, including the nine (9) motions that Delidimitropulu has been constrained to file, Karantinidis has a long and persistent history of failing to comply with Orders in the State Court Action. Nor has the Debtor complied with the rules and procedures of the Bankruptcy Court, as the Debtor has only filed an incomplete barebones petition and a belated motion for an extension of time to file its Schedules and Statements.

- Four, it appears that Karantinidis and the Debtor are utilizing the bankruptcy process to escape Karantinidis' family obligations to Delidimitropulu, in particular, Delidimitropulu's equitable distribution rights, by trying to create the impression that the Debtor is "bankrupt" and has little value.

- Five, Karantinidis has secreted assets and sought to avoid disclosure of assets and business records, again as set forth in the history of the State Court Action described above, including the nine (9) motions that Delidimitropulu has been constrained to file.

- Six, the Debtor is attempting to use the bankruptcy system to avoid Karantinidis' bad acts and failure to provide required discovery. The Debtor's filing seems timed to raise the specter of an automatic stay in bankruptcy to influence the State Court regarding the pending discovery-related motions. Although Karantinidis, through the Debtor, may seek to re-litigate the Orders entered in the State Court Action, this Court, in the interest of comity, should refuse to do so due to the Rooker-Feldman doctrine. "Federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature". Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir. 1995).

- Seven, it appears that Karantinidis has filed the Debtor's Chapter 11 case to avoid discovery and equitable distribution obligations to Delidimitropulu rather than to reorganize the Debtor.

- Eight, as set forth in the accompanying Affidavit of Theodoros Delidimitropoulos, there is no legitimate debt.

- Nine, with no creditors and no reason to file Chapter 11, there is no likelihood of reorganization.

- Ten, the Debtor's Chapter 11 filing appears to be solely motivated to gain leverage in Karantinidis' hotly contested divorce litigation with Delidimitropulu.

- Eleven, Karantinidis and the Debtor appears to be using the bankruptcy process merely to frustrate Delidimitropulu's rights to discovery and to equitable distribution regarding the value of the Debtor (which both Karantinidis and the Debtor have characterized in another State Court litigation as "the jewel of the [marital] assets").

## APPOINTMENT OF A CHAPTER 11 TRUSTEE IS REQUIRED

28.    Section 1104(a) of the Bankruptcy Code provides, in relevant part, that:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest... and after notice and a hearing, the court shall order the appointment of a trustee -

11

(1)   for   cause,   including   fraud, dishonesty,   incompetence,   or   gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case...; or

(2)   if such appointment is in the interests of creditors...of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

See 11 U.S.C. §§ 1104(a)(1) and (2).

29.    A chapter 11 trustee should be appointed if the movant can show "by clear and convincing evidence" either that "cause" exists under § 1104(a)(1), or that such an appointment is in the "best interests" of the Debtor's creditors under § 1104(a)(2). See In re The 1031 Tax Group, LLC, 374 B.R. 78, 85 (Bankr. S.D.N.Y. 2007); Adams v. Marwil (In re Bayou Group, LLC), 564 F.3d 541, 546 (2d Cir. 2009); In re Euro-American Lodging Corp., 365 B.R. 421, 426 (Bankr. S.D.N.Y. 2007). Once the moving party meets its burden under section 1104 of the Bankruptcy Code, the Court is required to appoint a trustee. See In re The 1031 Tax Group, LLC, 374 B.R. at 86 ("Once the court makes a finding that cause exists under § 1104(a)(1), `there is no discretion; an independent trustee must be appointed.'") (quoting In re V. Savino Oil & Heating Co., Inc., 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989))

30.    For the reasons set forth below, a chapter 11 trustee is warranted for both "cause" and in the best interest of the creditors.

### A.    This Court Should Appoint A Chapter 11 Trustee For Cause.

31.    Pursuant to section 1104(a)(1) of the Bankruptcy Code, "cause" is shown where there is fraud, dishonesty, incompetence, or gross mismanagement of the affairs of

the debtor by current management." 11 U.S.C. § 1104(a)(1); <u>see also</u> <u>In re The 1031 Tax</u>

<u>Group, LLC</u>, 374 B.R. at 86. The Court may also consider other factors, such as

"conflicts of interest, including inappropriate relations between corporate parents and the

subsidiaries; misuse of assets and funds; inadequate record keeping and reporting;

various instances of conduct found to establish fraud or dishonesty; and lack of

credibility and creditor confidence." <u>See</u> <u>In re Altman</u>, 230 B.R. 6, 16 (Bankr. D. Conn.

1999), *aff'd in part*, vacated in part, 254 B.R. 509 (D. Conn. 2000).

32.    The Court has "wide latitude in determining whether the challenged

conduct rises to the level of 'cause.'" <u>In re The 1031 Tax Group, LLC</u>, 374 B.R. at 86

(citing <u>Committee of Dalkon Shield Claimants v. A.H. Robins Co., Inc.</u>, 828 F.2d 239,

241-42 (4th Cir. 1987)(noting that the construction of § 1104 "requires that the courts be

given discretionary authority to determine whether the conduct rises to the level of

'cause'"); <u>Schuster v. Dragone</u>, 266 B.R. 268, 272 (D. Conn. 2001) (quoting <u>Committee</u>

<u>of Dalkon Shield Claimants v. A.H. Robins Co., Inc.</u>, 828 F.2d at 241) ("[T]he concepts

of incompetence and dishonesty cover a wide spectrum of conduct and . . . the court has

broad discretion in applying such concepts to show cause.").

33.    A debtor-in-possession must also "refrain[] from acting in a manner which

could damage the estate, or hinder a successful reorganization of the business." <u>In re</u>

<u>Ionosphere Clubs, Inc.</u>, 113 B.R. at 169 (quoting <u>In re Sharon Steel Corp.</u>, 86 B.R. 455,

457 (Bankr. W.D.Pa. 1988)).  "When a debtor-in-possession is incapable of performing

[its statutory] duties, a chapter 11 trustee may be appointed."  <u>In re Ionosphere Clubs,</u>

<u>Inc.</u>, 113 B.R. at 169; <u>see</u> <u>also</u> <u>In re V. Savino Oil & Heating Co., Inc.</u>, 99 B.R. 518, 526

(Bankr. E.D.N.Y. 1989) ("[I]f the debtor-in-possession defaults in [its responsibility to

act as a fiduciary], Section 1104(a)(1) commands that the stewardship of the reorganization effort must be turned over to an independent trustee.").

34.     Karantinidis' utter lack of transparency regarding his and the Debtor's financial affairs in the State Court Action is best characterized as contumacious, as amply demonstrated by the nine (9) motions and the four (4) State Court Orders thereon.  This is certainly not conduct that inspires creditor confidence and, in fact, casts a pall on the credibility of Karantinidis as the Debtor's current management.

35.     Moreover, as set forth in Delidimitropulu's affidavit, there are troubling discrepancies in the Debtor's record keeping and reporting, especially when one compares the point-of-sale computer records with corporate tax returns and other corporate records.

36.     Finally, and as set forth in Delidimitropulu's affidavit, there are serious questions regarding possible misuse of assets and diversion of corporate funds to related non-debtor entities owned or controlled by Karantinidis.

### B.     Appointment of a Chapter 11 Trustee Is In The Best Interests Of The Debtor's Estate.

37.     Even in the absence of "cause," a trustee should be appointed for the best interests of the debtor's creditors and equity holders.

38.     Section 1104(a)(2) of the Bankruptcy Code also provides for the appointment of a trustee where it is in the interests of the equity holders and creditors. See  11 U.S.C. § 1104(a)(2); In re Ionosphere Clubs, Inc., 113 B.R. at 168; In re Sharon Steel Corp., 871 F.2d 1217, 1226 (3rd Cir.1989)("Subsection (a)(2) also creates a flexible standard, instructing the court to appoint a trustee when doing so addresses `the interests

of the creditors, equity security holders, and other interests of the estate'). Under this section, the movant need not make its showing by "clear and convincing evidence," but rather by a preponderance of evidence, reviewable only for an abuse of discretion. See In re Reserves Resort, Spa & Country Club LLC, No. 12-13316, 2013 WL 3523289, at *2 (Bankr. D. Del. July 12, 2013).

39.     Among the factors the court should consider when determining if the appointment of a trustee is warranted under section 1104(a)(2) of the Bankruptcy Code are:

> (i) the trustworthiness of the debtor; (ii) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation; (iii) the confidence - or lack thereof - of the business community and of creditors in present management; and (iv) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment.

See In re Euro-American Lodging, 365 B.R. at 427 (quoting In re Ionosphere Clubs, 113 B.R. at 168).

40.     In this case, the Debtor's untrustworthiness is manifest. Karantinidis, in control of the Debtor, has stonewalled Delidimitropulu for months regarding basic discovery that she is entitled to in furtherance of her equitable distribution rights. There are indicia of bad faith, self-dealing, misuse of corporate funds, and troubling discrepancies in the Debtor's books and records. Delidimitropulu respectfully submits that this Court should find that there is a preponderance of evidence that the appointment of a Chapter 11 Trust would be the best interests of the Debtor's estate.

**IF A CHAPTER 11 TRUSTEE IS NOT APPOINTED, THIS COURT
SHOULD APPOINT AN EXAMINER TO INVESTIGATE THE
MANAGEMENT OF THE DEBTOR'S FINANCIAL AFFAIRS**

41.    Alternatively, Delidimitropulu respectfully requests the appointment of an examiner pursuant to Section 1104(c) of the Bankruptcy Code.

42.    Section 1104(c) of the Bankruptcy Code provides that:

> If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if -
>
> (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
>
> (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

43.    From the express language of the statute, it is apparent that appointment of an examiner is premised on four factors being satisfied:  First, the debtor must still be in possession of the estate and a trustee must not have been appointed.  Second, a plan must not have been confirmed.  Third, a party in interest must request the appointment.  Lastly, (i) either the appointment of the examiner is in the best interests of the creditors or (ii) the specified unsecured debts exceed $5 million.  See, e.g., In re UAL Corp., 307 B.R. 80, 84 (Bank. N.D. Ill. 2004).  Here, there cannot be any disagreement that the first three factors are met.  As to the last one, the appointment is warranted for the best interests of the estate, thus satisfying the last factor.

16

44.    In this case, an examiner is required to investigate and to report on: (a) the reliability and truthfulness of the Debtor's books and records relating to revenue and expenses; (b) whether there has been a diversion of corporate assets to Karantinidis or any of his other businesses; (c) whether any causes of action arise from any such improper transfers; and (d) whether the Debtor and its management is complying with all the requirements imposed upon a debtor possession.    Grounds for the appointment of an Examiner exist under Section 1104(c)(1) of the Bankruptcy Code because the appointment would benefit all interests of this estate.    The alleged bookkeeping discrepancies and unauthorized transfers give rise to unanswered questions concerning not only the Debtor's books and records and transfers.

45.    Having an independent third party conduct an investigation and provide a report which would include the viability of any possible claims against Karantinidis, the Debtor's management, would benefit parties in interest who may be otherwise in the dark regarding the Debtor's assets and liabilities.

## THE AUTOMATIC STAY, TO THE EXTENT IT APPLIES, SHOULD BE MODIFIED TO ALLOW ALL DISCOVERY IN THE STATE COURT ACTION TO CONTINUE UNABATED

46.    As a threshold matter, it must be noted that §362 of the Bankruptcy Code automatically stays actions against a Debtor, not its principals.  See Gucci Am., Inc. v. Duty Free Apparel, Ltd., 328 F.Supp. 2d 439, 441-42 (S.D.N.Y. 2004).    Here, Delidimitropulu is in litigation with and is seeking discovery from Karantinidis, a non-debtor.  Delidimitropulu is the plaintiff, Karantinidis is the defendant; the Debtor is not a party.

47.     Thus, Karantinidis should comply to the extent that he has documents in his possession, custody or control.  See Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D.N.Y. 2009).  Moreover, a party must produce documents if he has the practical ability to obtain such documents, regardless of whether the documents are under his legal control.   See, e.g., Commonwealth of Northern Mariana Islands v. Canadian Imperial Bank of Commerce, 21 N.Y.3d 55, 62-62 (N.Y. Ct. App. 2013)(noting that in the document discovery context, "possession, custody, or control" has been interpreted to mean "constructive possession", rather than "legal ownership" or "physical possession").

48.     Generally, a debtor is required to comply with third party discovery unless such discovery is unduly disruptive to the debtor.  See, e.g., Le Métier Beauty Invest. Partners v. Métier TriBeCa LLC, No. 13-4650, 2014 WL 4783008, at *5 (S.D.N.Y. Sept. 25, 2014); Kenoyer v. Cardinale, 489 B.R. 103, 122 (Bankr. N.D. Cal. 2013).   As demonstrated by the history of the State Court Action, Karantinidis has fought tooth and nail to not comply with discovery.  Any collateral "disruption" to the Debtor, merely by allowing Delidimitropulu access or by providing reasonable cooperation and discovery, is of Karantinidis' own making.

49.     Even if §362 is relevant to the State Court Action and third party discovery of the Debtor, it is clear that the stay should be lifted.

50.     Section 362(d) of the Bankruptcy Code provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

51.     Although the State Court Action is a matrimonial action, the determination of whether "cause" exists still "turns on traditional stay relief analysis." In re Cole, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996). In determining whether "cause" exists to lift the automatic stay under Bankruptcy Code § 362(d) to permit litigation to proceed in another forum, courts in the Second Circuit look to the well-established twelve "Sonnax" factors. See, e.g., Sonnax Indus., Inc. v. Tri-Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990). These factors are:

(1)     whether relief would result in a partial or complete resolution of the issues;

(2)     lack of any connection with or interference with the bankruptcy case;

(3)     whether the other proceeding involves the debtor as a fiduciary;

(4)     whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5)     whether the debtor's insurer has assumed full responsibility for defending it;

(6)     whether the action primarily involves third parties;

(7)     whether litigation in another forum would prejudice the interests of other creditors;

(8)     whether the judgment claim arising from the other action is subject to equitable subordination;

(9)     whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10)    the interests of judicial economy and the expeditious and economical resolution of litigation;

(11)    whether the parties are ready for trial in the other proceeding; and

(12)    the impact of the stay on the parties and the balance of harms.

19

Id. (citing In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)). A bankruptcy

court need only apply the factors that are relevant to the particular case, and does not

need to give each factor equal weight. Burger Boys, Inc. v. South St. Seaport Ltd P'ship

(In re Burger Boys, Inc.), 183 B.R. 682, 688 (S.D.N.Y. 1994).

52.     Regarding factor one, as in In re Deep, 279 B.R. 653, 658 (Bankr.

N.D.N.Y. 2002), resolution of the issues would follow should the stay be lifted because

the State Court Action is ready for discovery.  Relief from the stay should be granted

especially when it is necessary to permit litigation to conclude in another forum,

particularly if the non-bankruptcy suit involves multiple parties or is ready for trial. See,

e.g., Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid Atlantic Handling

Sys., LLC), 304 B.R. 111, 130 (Bankr. D. N.J. 2003).

53.     Factor four strongly militates in favor of modification of any stay.  The

State Court matrimonial part is a specialized tribunal established to adjudicate divorce

and equitable distribution proceedings.  As Judge Bernstein of this Court has observed:

> "Federal courts, including bankruptcy courts, ordinarily
> defer to the state courts in matrimonial matters to promote
> judicial economy and out of respect for the state courts'
> expertise in domestic relations issues.  [Citations omitted.]
> New York's state courts are more familiar with the
> concepts of marital property and how to apply the statutory
> and discretionary factors that govern equitable distribution.
> Bankruptcy courts, on the other hand, rarely interpret or
> apply the equitable distribution statute".

In re Cole, 202 B.R. at 361.

54.     Factor six favors lifting the automatic stay, as the State Court Action

primarily involves non-debtor third parties, i.e. Delidimitropulu and Karantinidis, and

only involve the Debtor as a thirty party in discovery.  In fact, the "target" of the State

Court Action is not the Debtor itself. Instead, what is at issue in the State Court Action is the equitable distribution of marital property, including the shares and ownership of the Debtor, which are not property of the Debtor's estate.

55.   Factors <u>ten</u> and <u>eleven</u> support lifting the stay. The State Court Action, although not ready for trial, has been heavily litigated, including nine (9) motions by Delidimitropulu, two (2) motions by Karantinidis, and five (5) State Court Orders adjudicating various issues and disputes between the parties. The State Court Action is at a mature stage, and should be allowed to run its course. When there is one narrow issue to be decided outside of bankruptcy (here, equitable distribution of martial property, including shares in the Debtor), especially when there is an established record in another court, the considerations of judicial economy must prevail, and the bankruptcy court should not rule on an issue ready to proceed elsewhere. <u>See</u> <u>Maintainco</u>, 304 B.R. at 125.

56.   Finally, the automatic stay should be lifted because the Debtor is not significantly burdened and the Debtor's bankruptcy case will not be adversely affected by the State Court Action. Since the Debtor itself is not a party to the State Court Action, it can still focus on reorganizing its business and managing its case. <u>See</u> <u>In re Northwest Airlines Corp.</u>, No. 05-17930, 2006 WL 694727, at *1 (Bankr. S.D.N.Y. March 13, 2006) (citations omitted) ("[a] principal purpose of the automatic stay is to permit a debtor to focus its energies on reorganizing and managing its business affairs without facing diversions and litigation brought on by its creditors").

## THIS COURT SHOULD AUTHORIZE A BANKRUPTCY RULE 2004 EXAMINATION OF THE DEBTOR

57.   Bankruptcy Rule 2004 provides: "On motion of any party in interest, the court may order the examination of any entity." Bankruptcy Rule 2004 (a). The scope of

examinations under Bankruptcy Rule 2004(b) may include, among many other things, any matter that may relate to the property and assets of the estate, the financial condition of the debtor, any matter that may affect the debtor's right to a discharge, and any matter which may affect the administration of a debtor's estate. Bankruptcy Rule 2004(b).

58.    The scope of a Bankruptcy Rule 2004 examination is very broad and is commonly recognized as more in the nature of a "fishing expedition." In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005); Accord In re Hughes, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass 1985). The purpose of a Rule 2004 examination is to assist the investigator "in revealing the nature and extent of the estate, and to discover assets of the debtor that may have been intentionally or unintentionally concealed." In re Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). "Rule 2004 has been termed the basic discovery device used in bankruptcy cases, permitting the examination of any party without the requirement of a pending adversary proceeding or contested matter . . . . Its obvious purposes are the discovery of assets of the estate and the exposure of fraudulent conduct." In re Symington, 209 B.R. 678, 683-84 (Bankr. D. Md. 1997) (quotation marks and citations omitted). Accordingly, Bankruptcy Rule 2004 affords both debtors and creditors the broad rights of examination of a party's documents and records. Snyder v. Society Bank, 181 B.R. 40, 41 (S.D. Tex. 1994), aff'd, 52 F.3d 1067 (5th Cir. 1995).

59.    Delidimitropulu requests authority to examine the Debtor to determine the assets, liabilities and financial condition of the Debtor. Delidimitropulu submits that a Bankruptcy Rule 2004 examination is appropriate considering the unusual circumstances

concerning this case (including, the systematic stonewalling of Karantinidis in providing transparency regarding marital assets in the State Court Action). Just last month, counsel for Karantinidis and the Debtor characterized the Debtor as "the jewel of the [marital] assets." One must wonder how this jewel, which historically has enjoyed gross revenues of $9,000,000 - $12,000,000 annually, now requires bankruptcy protection.

## NOTICE

60.    Notice of this Motion will be provided to the Debtor, its counsel, the Office of the United States Trustee, any party that has filed a notice of appearance, and the entities listed in the Debtor's "List of Creditors".

**WHEREFORE**, Delidimitropulu respectfully requests an Order: (I) dismissing the Debtor's Chapter 11 case, or alternatively, (II) (A) appointing a Chapter 11 Trustee or Examiner to investigate the financial affairs of the Debtor, (B) modifying the automatic stay to allow discovery to proceed unabated in the State Court Action, and (C) authorizing a Bankruptcy Rule 2004 examination of the Debtor, and granting Delidimitropulu such other and further relief as may be just and proper.

Dated:  New York, New York
        January 9, 2015

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By:  ____*/s/ Edward J. LoBello*_____
         Edward J. LoBello
     1350 Broadway, Suite 501
     New York, NY  10018-0026
     (212) 763-7030 (Telephone)
     (212) 239-1311 (Telecopy)
     Email:  elobello@msek.com

*Counsel for Vaia Delidimitropulu Karantinidis*

23

1032994

# EXHIBIT A

# Supreme Court Civil Term

COUNTY OF **QUEENS**

Index No. 21227/2013

Motion Calendar No. _____

~~STIPULATION~~ / ORDER

PLAINTIFF

VAIA DELIDIMITROPOL **Plaintiff**
KARANTINIDIS

-against-

MICHAEL KARANTINIDIS
**Defendant.**

HON. Maurice Healy

DATE 3/12/14

The parties to this action agree as follows:

_Plaintiff's motion is granted to the following extent._
_In addition to the automatic orders of DRL_
_① Both parties shall have the right to regular_
_access to all their records and any_
_of all business entities of the parties in this_
_Marriage_
_② Neither party may start a new business/_
_venture not already in contract/process._
_③ Neither party will transfer any monies_
_between entities held by the parties except_
_upon mutual consent in writing_

_M.H._

Page ___ of ___

# EXHIBIT B

SHORT FORM ORDER

## NEW YORK SUPREME COURT—QUEENS COUNTY

Present: Hon ...Maureen A. Healy, AJSC...    TRIAL/SPECIAL TERM, PART

                          Justice

| | |
|---|---|
| Vara Delidemetropulu Karaxtridis | INDEX NUMBER 21327 ...20 13 |
| — against — | MOTION DATE April 8 ...20 14 |
| Michael Karaxtridis | MOTION CAL. NUMBER ................. |
| | TRIAL CAL. NUMBER ................. |

The following papers numbered 1 to ..7.. read on this motion  Enforce a prior Court Order docted 3/12/14

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/Order to Show Cause—Affidavits-Exhibits ................ | 1 |
| Answering Affidavits-Exhibits ............................ | 2 |
| Replying Affidavits ............................ | |

Upon the foregoing papers it is ordered that this motion  is granted to the following extent. Defendant is to provide plaintiff with copies of any and all receipts from business on a weekly basis beginning Monday April 14, 2014 & every Monday thereafter. Defendant is to provide copies of monthly bank statements to plaintiff. Plaintiff to provide weekly accountings etc required of plaintiffs business.

Dated April 8, 2014    ...........................................

                                                    A. J.S.C.

# EXHIBIT C

21227/2013 ORDER SIGNED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: PART 60
---------------------------------------------------------X
Vaia Delidimitropulu Karantinidis,                              Index: 21227/2013

                              Plaintiff,                        Motion date: October 1, 2014

        -against-                                               Motion Seq. # 3

Michael Karantinidis,                                           **DECISION/ORDER**

                              Defendant.
---------------------------------------------------------X

        Recitation, as required by CPLR § 2219 (a), of the following papers numbered 1 to 8 read
on this Order to Show Cause by plaintiff dated May 9, 2014 seeking an Order: (1) directing that
plaintiff's retained expert Mark Gottlieb, CPA, be permitted weekly access to access the books
and records of Hephaistos Building Supplies, Inc., including plaintiff's point-of-sale logs and
generated receipts and backups; (2) directing that the point-of-sale computer password be
restored to its former password, of which plaintiff has knowledge, or in the alternative, that the
current password be shared with plaintiff; (3) compelling defendant to comply with the Notice
for Discovery and Inspection and First Set of Interrogatories served by plaintiff; (4) compelling
defendant to produce monthly bank statements for his business entities pursuant to an April 8,
2014 Court Order; (5) directing defendant to execute IRS 4506 forms to authorize copies of tax
returns for the past six years for the business entities under defendant's control, *to wit*,
Hephaistos Building Supplies, Inc., Hephestos Tile Supplies, Inc., Michael Karantinidis M.C.E.,
P.E., International Geotechnical Structural Laboratories, Geotech Enterprises Inc., Hephaistos
Developing, LLC., Thea Polis, LLC, as well as defendant's personal tax return, to be provided to
*plaintiff's counsel*; and (6) counsel fees in the amount of $25,000.00 for making this motion.


PAPERS                                        <u>NUMBERED</u>

        O.S.C, Affs., Exhibits and Service...............................1-5
        Affirmation in Opposition............................................6
        Reply Affidavit, Exhibits............................................7-8



                                        1

21227/2013 ORDER SIGNED

Upon the foregoing papers the motion is determined as follows:

The first and second branches of plaintiff Order to Show Cause are granted. Defendant shall provide plaintiff weekly access to ascertain the books and records of Hephaistos Building Supplies, Inc., including point-of-sale logs and generated receipts and backups. In order for the access to occur, defendant must supply plaintiff with the proper password for the point-of-sale computer. The parties are to arrange the weekly schedule allowing for plaintiff's access at a mutually agreeable time.

The third and fourth branches of plaintiff's Order to Show Cause are granted. Defendant is to provide responses to plaintiff's Notice for Discovery and Inspection and First Set of Interrogatories within 30 days of this Order. In addition, defendant is to provide monthly bank statements for his business entities as was previously ordered by this Court on April 8, 2014.

The fifth branch of plaintiff's motion is granted to the extent that defendant is directed to provide complete copies of his business and personal tax returns for the past six years within 30 days of the date of this Order. In the event, defendant can not produce the returns, then defendant is directed to complete the IRS 4506 form authorizing plaintiff to obtain such records directly from the IRS.

The sixth branch of plaintiff's motion for attorneys fees is reserved for a hearing on November 21, 2014.

Any other relief requested but not specifically addressed herein is denied.

This constitutes the Decision and Order of the Court. Both sides have been mailed a copy of this Decision/Order.

Date: November 13, 2014

FILED
DEC 09 2014
COUNTY CLERK
QUEENS COUNTY

_____
Hon. Maureen A. Healy, A.J.S.C.

# EXHIBIT D

SHORT FORM ORDER

## NEW YORK SUPREME COURT—QUEENS COUNTY

Present: Hon _William A. Viscovich_ TRIAL/SPECIAL TERM, PART _63_
                                    Justice

_Vaia Delidimitropulu Karantinds_

— against —

_Michael Karantinidis_

INDEX NUMBER _21227_ 20_13_

MOTION DATE _1-6_ 20_15_

MOTION CAL. NUMBER _12_

TRIAL CAL. NUMBER ...............

The following papers numbered 1 to _10_ read on this motion _OSC_ ...................

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/Order to Show Cause—Affidavits-Exhibits | _1-5_ |
| Answering Affidavits-Exhibits | _5-10_ |
| Replying Affidavits | |

Upon the foregoing papers it is ordered that this motion _OSC for contempt is decided as follows: That portion of the OSC seeking contempt is hereby adjourned to Feb 2 2015 to meet all of the other outstanding motions/OSCs. 10am on Tues Jan 13 2015 plaintiffs accountant to inspect books/records of the building supply (HBS) + any associated or related companies accountant 10am on Jan 13th 2015 to inspect engineering + any related or associated companies at the address as listed in 12/5/14 order._

                                    _the Court_

Dated _pg 1 of 2_                                    J.S.C.

SHORT FORM ORDER

## NEW YORK SUPREME COURT—QUEENS COUNTY

Present: Hon ...................................................... TRIAL/SPECIAL TERM, PART 63

                              Justice

Karantsualis

— against —

Karantsualis

| | |
|---|---|
| INDEX NUMBER | 20.... |
| MOTION DATE | 20.... |
| MOTION CAL. NUMBER | ............ |
| TRIAL CAL. NUMBER | ............ |

The following papers numbered 1 to...... read on this motion ...........................

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/Order to Show Cause—Affidavits-Exhibits ................... | ................... |
| Answering Affidavits-Exhibits ................... | ................... |
| Replying Affidavits ................... | ................... |

Upon the foregoing papers it is ordered that this motion ...........................

Defendant to accountant to inspect is to have the books and records available on the dates and times ordered and someone available, to grant the access to Ts accountant. Defendant's accountant to inspect the financial records of plaintiff's psychology practice. Plaintiff may redact any personal information regarding patients in order to comply with HIPPA regulations Defendant to inspect on Friday Jan 16, 2015 at 2pm.-- Anatole Priya + Boyle affidavit

Dated............ Page 2 of 2         William A Viscovich J.S.C.

SHORT FORM ORDER

## NEW YORK SUPREME COURT—QUEENS COUNTY

Present: Hon. William A. Viscovich    TRIAL/SPECIAL TERM, PART 63

Justice    AJSC

Vara Deliotumotopalu Kaiartirialo

— against —

Michael Kaiartirialo

INDEX
NUMBER 21227 20 13

MOTION
DATE .................... 20....

MOTION
CAL. NUMBER ................

TRIAL
CAL. NUMBER ................

The following papers numbered 1 to....... read on this motion .........................................................

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/Order to Show Cause—Affidavits-Exhibits ............... | ............... |
| Answering Affidavits-Exhibits ............... | ............... |
| Replying Affidavits ............... | ............... |

Upon the foregoing papers it is ordered that this motion .........................................................

It is hereby Ordered that both sides are to comply with any outstanding discovery demands/interrogatories on or before February 2, 2015.

Dated... 1-6-15

William A. Viscovich J.S.C. AJSC