**Hearing Date and Time:  January 15, 2015 at 10:00 a.m.**
**Objection Deadline: January 14, 2015 at 8:00 p.m.**

Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
Jessica G. Berman, Esq.
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
1350 Broadway, Suite 501
New York, NY  10018-0026
(212) 239-4999 (Telephone)
(212) 239-1311 (Telecopy)

*Counsel for Vaia Delidimitropulu Karantinidis*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X        Chapter 11

In re:                                                                          Case No. 14-13455 (SHL)

HEPHAISTOS BUILDING SUPPLIES INC. ,

                                        Debtor.

--------------------------------------------------------------------X

### OBJECTION OF VAIA DELIDIMITROPULU KARANTINIDIS TO THE DEBTOR'S MOTION FOR ORDERS: A.) HOLDING THEODOROS DELIDIMITROPOULOS, VAIA DELIDIMITROPULU, MARK GOTLIEB, MARTIN FRIEDLANDER IN CONTEMPT AND SANCTIONING IT FOR VIOLATING THE AUTOMATIC STAY; B.) ENFORCING THE AUTOMATIC STAY; C.) EXTENDING THE AUTOMATIC STAY TO HEPHESOS TILE SUPPLIES, INC., & THEA POLIS LLC, AFFILIATES OF DEBTOR

Vaia Delidimitropulu Karantinidis (the "**Respondent**"), by her counsel Meyer, Suozzi,

English & Klein, P.C., hereby objects to the *Motion for Orders: A.) Holding Theodoros*

*Delidimitropoulos, Vaia Delidimitropulu, Mark Gotlieb, Martin Friedlander in Contempt and*

*Sanctioning it for Violating the Automatic Stay; B.) Enforcing the Automatic Stay; C.)*

*Extending the Automatic Stay to Hephesos Tile Supplies, Inc., & Thea Polis LLC, Affiliates of*

*Debtor* (the "**Motion**"), filed on January 13, 2015, by Hephaistos Building Supplies, Inc. (the

"**Debtor**").  In support of her objection, the Respondent respectfully states as follows:

## PRELIMINARY STATEMENT

1.       The Debtor alleges that the Respondent and her professionals violated the Debtor's automatic stay by attempting to take control of the Debtor's and its' affiliates books and records.  However, the acts complained of by the Debtor in the Motion consist solely of the Respondent's efforts to take discovery of her estranged husband, Michael Karantinidis ("**Karantinidis**") (a non-debtor), in a matrimonial action, which action is not stayed by the Debtor's bankruptcy.  Discovery is being taken pursuant to certain narrow and specific State Court discovery orders that already include protections for the Debtor and its affiliates.

2.       The Respondent, through her forensic accountant and her other professionals, is seeking to <u>copy</u>, not control or take custody of, information relevant to the value of the marital assets.  The marital assets are the assets of the Respondent and Karantinidis and include Karantinidis's stock in the Debtor.  However, the marital assets do not include any of the Debtor's assets.

3.       Specifically, with respect to each of Karantinidis's companies, the Respondent and her professionals are seeking to: (a) copy onto USB drives or other electronic storage devices, data stored on all computers, servers, laptops, remote storage accounts (i.e., the cloud), and external drives; (b) make photocopies of relevant hard copy documents, including customer and vendor invoices and purchase orders; and (c) to clone all computers, servers, laptops and external drives.  The Respondent has tried for about a year to obtain discovery from Karantinidis.  Little disclosure has been provided by Karantinidis despite several court orders that direct Karantinidis to provide access to his business records to the Respondent.

4.       The Debtor's request for a finding of contempt must be denied because neither the

Respondent nor her professionals have violated the automatic stay. The continuation of discovery in the matrimonial action does not violate the automatic stay because the defendant in the matrimonial action is Karantinidis, not the Debtor, and the Debtor's automatic stay does not extend to Karantinidis. Even if Karantinidis were entitled to the protections of the Debtor's automatic stay, the automatic stay would not stay discovery in the matrimonial action because the matrimonial action is not an action to collect a debt against the Debtor, and the act of taking discovery does not affect or interfere with property of the Debtor's estate.

5.    The Debtor's request for an extension of the automatic stay or an injunction that stays discovery in the matrimonial action should be denied. Assuming cooperation by Karantinidis, Respondent's professionals should be able to copy paper records and electronic data and clone all of the computers in short order with little to no effect on the Debtor. Furthermore, an order has already been entered in the matrimonial action that protects the Debtor and its affiliates by prohibiting the Respondent's accountant from disclosing proprietary information of the Debtor and its affiliates to the Respondent. The discovery process should not burden the Debtor, prevent the Debtor from continuing to operate its business, or interfere with the Debtor's reorganization. Therefore, neither an extension of the Debtor's automatic stay nor an injunction is warranted.

6.    In conclusion, the matrimonial action has been pending for over a year. Respondent has been trying for almost a year to obtain discovery from Karantinidis. Despite at least four orders entered in the matrimonial action, Karantinidis still has not provided meaningful disclosure. Now, Karantinidis is attempting to use the bankruptcy process for the improper

3

purpose of staying discovery in the matrimonial action.  For the reasons set forth above and below, the Motion should be denied.

## FACTS

### A.     The Bankruptcy Case.

7.      On December 22, 2014 (the "**Petition Date**"), the Debtor filed a petition for reorganization under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**") with this Court.

8.      On the Petition Date, the Debtor merely filed its petition for relief and a list of creditors.  Pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure, the Debtor was obligated to file its bankruptcy schedules and statement of financial affairs on or before January 5, 2015.

9.      On January 5, 2015, instead of filing its schedules, the Debtor filed an application to extend the time to file its schedules.  The Court has not yet entered an order in connection with the Debtor's January 5, 2015 application.

10.     On January 5, 2015, the United States Trustee moved to transfer venue of this case to the United States Bankruptcy Court for the Eastern District of New York.  A hearing on that motion is scheduled for February 4, 2015.

11.     On January 9, 2015, Respondent filed the *Motion Of Vaia Delidimitropulu Karantinidis For Order (I) Dismissing The Debtors Chapter 11 Case Pursuant To 11 U.S.C. §1112(b), Or Alternatively, (II) (A) Appointing A Trustee Or Examiner Pursuant To 11 U.S.C. §1104, (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. §362(d), And (C) Authorizing An Examination Of Debtor Pursuant To Bankruptcy Rule 2004* [Docket No. 12] (the "**Motion to**

4

**Dismiss**"), seeking to dismiss the Debtor's case or, in the alternative, for the Court to appoint a trustee or examiner and authorize the Respondent to examine the Debtor, pursuant to Federal Rule of Bankruptcy Procedure 2004. As a precautionary measure, the Motion to Dismiss also asks for stay relief to the extent, if any, the automatic stay applies to the matrimonial action prospectively. A hearing on the Motion to Dismiss is scheduled for February 4, 2015.

12.     On January 13, 2015, the Court entered an Order to Show Cause, which included a temporary restraining order and scheduled a hearing on the Motion.[1]

**B.     The State Court Matrimonial Action.**

13.     The Respondent is married to Karantinidis, the President and putative majority or sole shareholder of the Debtor.

14.     On November 19, 2013, the Respondent initiated a divorce proceeding in an action entitled *Vaia Delidimitropulu Karantinidis v. Michael Karantinidis*, Supreme Court of the State of New York, Queens County, Index No. 21227/2013 (the "**Matrimonial Action**"). In the Matrimonial Action, the Respondent seeks equitable distribution of the marital property, including Karantinidis's equity interests in the Debtor.

15.     For almost a year, the Respondent has attempted to take discovery of Karantinidis in order to establish the value of the marital assets, which marital assets include Karantinidis's ownership in the Debtor and related companies. Karantinidis has repeatedly failed to comply with his obligations to produce documents and information to the Respondent and several orders

---

[1] The declaration of Debtor's counsel in support of the Motion states that prior to delivering the Motion to the Court, he emailed to Martin Friedlander (Respondent's counsel in the Matrimonial Action), copies of the Motion, proposed order to show cause, and his declaration. Although Mr. Dahiya did send an e-mail to Mr. Friedlander, the attachment to the email was a copy of Mr. Dahiya's Declaration and not the Motion or the proposed order. Furthermore, the email did not reference that Mr. Dahiya was seeking a temporary restraining order. Lastly, notwithstanding that this firm is counsel of record for Respondent in this bankruptcy case, Mr. Dahiya did not email or otherwise serve a copy of the Motion on this firm prior to the entry of the Order to Show Cause.

have been entered by the state court in the Matrimonial Action directing the production of documents and information. *See Order of the Hon. Maureen Healy,* dated March 12, 2014; *Order of the Hon. Maureen Healy,* dated April 8, 2014; *Order of Hon. Maureen A. Healy,* dated November 13, 2014; *all of the foregoing are attached hereto as Exhibit "A."*

16.     On or about December 22, 2014, the Respondent's accountant attempted to enter the premises of Karantinidis's engineering office to review and copy records in accordance with the matrimonial court orders. The accountant was denied entry to the premises[2] and was advised that discovery as to the Debtor and all of its affiliates was stayed due to the Debtor's bankruptcy.

17.     On December 29, 2014, the Respondent filed a request for emergency relief in the Matrimonial Action in connection with her discovery requests and informed the State Court of the Debtor's bankruptcy case. On December 29, 2014, the State Court issued an *Emergency Order to Show Cause* against Karantinidis, which was returnable on January 6, 2015.

18.     On January 6, 2015, Justice Viscovich, of the New York Supreme Court, Queens County, correctly recognized that the Respondent was taking discovery of Karantinidis and not the Debtor, hence the Debtor's automatic state would not stay discovery in the Matrimonial Action. Further, Justice Viscovich issued two orders, directing (a) the Respondent's accountant, Mr. Gottlieb, to inspect (i) Karantinidis's engineering office or any related or associated entities on January 12, 2015, and (ii) the books and records of the Debtor and any associated or related entities on January 13, 2015, (b) Karantinidis to make the Debtor's and any related entities' books and records available to Mr. Gottlieb, (c) Karantinidis's accountant to inspect the financial

---

[2] The Affidavit of Michael Karantinidis, dated January 12, 2015, attached to the Motion (Dkt 14-6) represents that he heard from an employee that the Respondent's accountant was aggressive in his attempts to obtain access to information. Those allegations are absolutely and categorically denied and Respondent's accountant will make himself available to testify at the January 15, 2015 hearing regarding the events that transpired.

records of the Respondent's psychology practice on January 16, 2015, and (d) both the Respondent and Karantinidis to comply with any outstanding discovery demands or interrogatories on or before February 2, 2015. *See Orders of the Hon. William A. Viscovich,* each dated January 6, 2015*, all of the foregoing are attached hereto as Exhibit "B."*

19.     On January 12, 2015, the Respondent and her accountant went to Karantinidis's engineering office for inspection pursuant to the January 6, 2015 orders.  However, the inspection did not proceed as Karantinidis refused to allow Respondent's accountant to save copies of records onto a USB drive.

20.     Upon learning of Karantinidis's interference with discovery, Judge Viscovich directed the parties to appear before him.  At that hearing, the Judge entered an order permitting records to be copied.   The order also included protections for proprietary information. Specifically, the order prohibited the accountants for both the Respondent and Karantinidis from disclosing proprietary information to their respective clients. *See Order of the Hon. William A. Viscovich,* dated January 12, 2015*, attached hereto as Exhibit "C."*

21.     On January 13, 2015, Respondent's accountant again went to Karantinidis's engineering office.  He was advised by Debtor's matrimonial attorney that an Order to Show Cause was entered that stayed discovery in the Matrimonial Action.  Also, on that date, a status conference was held before Judge Viscovich to discuss the Order to Show Cause and its impact on the Matrimonial Action.

## **RESPONSE**

### I.     **Respondent and Her Professionals Did Not Violate the Automatic Stay.**

22.     The Debtor erroneously argues that the Respondent's attempts to obtain discovery of Karantinidis regarding the books and records of his entities, pursuant to state court order,

violated Bankruptcy Code sections 362(a)(1) and (3). *See* Motion at pp. 3, 6. Those Bankruptcy Code sections prohibit (i) the continuation of any actions to recover a claim against the Debtor that arose prior to the commencement of the Debtor's bankruptcy proceeding and (ii) any act to obtain possession of property of the estate or to exercise control of property of the estate. *See* § 362(a)(1), (3).

23.    Neither the Respondent nor her agents violated Bankruptcy Code section 362(a)(1). The Matrimonial Action is not an action against the Debtor. Rather, the sole defendant in the Matrimonial action is Karantinidis. Bankruptcy Code section 362(a)(1) only stays actions "against the debtor" and does not apply to non-debtors. *See Teachers Ins. & Annuity Assoc. of Am. v. Butler,* 803 F.2d 61, 65 (2d Cir. 1986). Moreover, the Matrimonial Action is not an action to recover a claim against the Debtor. Rather, the Matrimonial Action is an action to dissolve a marriage and for equitable distribution of the marital assets, *i.e.*, the assets of the Respondent and Karantinidis, and not the assets of the Debtor. Therefore, the Matrimonial Action is not stayed by the automatic stay and the Respondent's and her professionals' attempts to obtain discovery from Karantinidis in furtherance of the Matrimonial Action does not violate Bankruptcy Code section 362(a)(1).

24.    Specifically, Bankruptcy Code section 362 does stay not discovery against a debtor's non-debtor principal. *See Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 441-42 (S.D.N.Y. 2004) (stating that "courts in this circuit regularly refuse[ ] to extend a debtor corporation's § 362 stay to its non-debtor officers and principals"); *Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y. 1999) (same and citing cases). Rather, courts in this circuit regularly hold that the automatic stay is limited to the debtor itself and does not apply to third party

8

defendants. *See Teachers Ins.*, 803 F.2d at 65 (limiting stay to debtor). Not only does the automatic stay not shield Karantinidis from the State Court's orders, but the Debtor itself, as a stranger to the Matrimonial Action, is required to comply with the state court's discovery orders. *See Groner v. Miller (In re Miller)*, 262 B.R. 499, 505-06 (9th Cir. B.A.P. 2001) (holding that stay did not shield debtor from complying with deposition subpoena); *Kenoyer v. Cardinale (In re Kenoyer)*, 489 B.R. 103, 122 (Bankr. N.D. Cal. 2013) (same in connection with trial subpoena). Thus, the Respondent's and her agent's attempts to pursue discovery in the Matrimonial Action from Karantinidis do not constitute a violation of the Debtor's automatic stay.

25.     Further, the Respondent's pursuit of discovery from Karantinidis does not constitute exercise of control over property of the Debtor's estate that would violate Bankruptcy Code section 362(a)(3) because to the extent a shareholder has access, such shareholder is required to produce the books and records of the corporation. *See In re Resource Energy Technologies, LLC*, 419 B.R. 746, 748 (Bankr. W.D. Ky. 2009) (holding that discovery requests to members of debtor LLC seeking copies of debtor LLC's books and records was not stayed pursuant to section 362(a)(3) and finding that members were obligated to produce debtor LLC's records because LLC members had access to these records in their individual capacities under state law).

26.     Thus, Karantinidis should comply to the extent that he has documents in his possession, custody or control. *See Jacoby v. Hartford Life & Accident Ins. Co.,* 254 F.R.D. 477, 478 (S.D.N.Y. 2009). Moreover, a party must produce documents if he has the practical ability to obtain such documents, regardless of whether the documents are under his legal control. *See,*

9

*e.g., Commonwealth of Northern Mariana Islands v. Canadian Imperial Bank of Commerce,* 21 N.Y.3d 55, 62-62 (N.Y. Ct. App. 2013) (noting that in the document discovery context, "possession, custody, or control" has been interpreted to mean "constructive possession", rather than "legal ownership" or "physical possession").

27.    Similarly, a debtor is required to comply with third party discovery unless such discovery is unduly disruptive to the debtor.  *See, e.g., Le Métier Beauty Invest. Partners v. Métier TriBeCa LLC,* No. 13-4650, 2014 WL 4783008, at *5 (S.D.N.Y. Sept. 25, 2014); *Kenoyer v. Cardinale,* 489 B.R. 103, 122 (Bankr. N.D. Cal. 2013).  As demonstrated by the history of the State Court Action, Karantinidis has fought tooth and nail <u>not</u> to comply with discovery.  Any collateral "disruption" to the Debtor, merely by allowing Respondent access or by providing reasonable cooperation and discovery, is of Karantinidis's own making.

## II.    The Stay Should Not Be Extended to Karantinidis or the Debtor's Affiliates

28.    The Debtor seeks a finding in its case that the automatic stay protects the Debtor's affiliates.  While courts have extended the stay to third party actions, those circumstances are not present here.  *See Residential Capital, LLC v. Federal Housing Finance Agency (In re Residential Capital, LLC)*, 529 Fed. Appx. 69, 2013 WL 3491311, at *1 (2d Cir. July 15, 2013) (remanding to district court for factual determinations with regard to motion to stay third party action), *remanded to* No. 12-5116, 2013 WL 4056195, at *1 (S.D.N.Y. Aug. 12, 2013) (holding that stay did not apply to third party proceeding).

29.    In particular, for the automatic stay to apply to a third party action as a whole, the action must have "an immediate adverse economic consequence for the debtor's estate." *Residential Capital*, 2013 WL 3491311, at *1 (quoting *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir.2003)).  In *MacAuthur Co. v. John-Mansville Corp. (In re Johns-Manville*

10

*Corp.)*, 837 F.2d 89, 89 (2d Cir. 1999), the Second Circuit affirmed the lower court's decision to impose an injunction barring suits against third party insurers where the injunction was part of a settlement agreement that was the "cornerstone" of the debtor's reorganization plan.

30.    However, where the effects of the third party litigation are not as immediate and severe as they were in *MacAuthur*, courts have not extended the stay to third party litigation.  For example, in *Occidental Chemical Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 41 B.R. 926, 932 (S.D.N.Y. 1984), the district court reversed a bankruptcy court decision extending the stay to bar discovery in a third party action.  In making its decision, the district court balanced the interests of the debtor in seeking to stay its participation in potentially tens of thousands of suits against the interest of the litigants in the third party litigation at hand.  *See id.* at 931-32.  The court found that although requiring the debtor to comply with third party discovery requests may open the floodgates of discovery demands upon the debtor, that potential harm was outweighed by the prejudice to the third party defendant who was prevented from defending itself in the action against it and the third party plaintiff who should not be required to "wait indefinitely for a resolution" of the plaintiff's claims.  *Id.* at 932.

31.    In considering whether a third party action should be stayed because of the economic impact that complying with the action's discovery demands would have on the debtor, courts have considered the amount of time such discovery demands would require of the debtor and the costs on the debtor.  *See Residential Capital*, 2013 WL 4056195, at *2.  Where compliance with discovery demands would be a "ministerial task" for the debtor, involving minimal costs, courts have considered the debtor to be insulated from an "immediate adverse economic impact" and have not extended the stay.  *Id.*; *see also Named Plaintiffs and the*

11

*Certified Classes they Represent in the Cement Antitrust Litigation v. Penn-Dixie Indus., Inc. (In re Penn-Dixie Indus., Inc.)*, 6 B.R. 832 (Bankr. S.D.N.Y. 1980) (denying motion to lift stay in action where debtor was a defendant to allow discovery to proceed against debtor and finding that debtor's compliance with discovery would be "burdensome," would require active participation in the litigation by the debtor, "would result in a not insubstantial expenditure from the Debtor's estate of energy and money," would not result in a resolution of the issues, and plaintiff would suffer no "real injury" as a result of denial).

32.     Here, Respondent's discovery requests will have minimal impact on the Debtor. Respondent's professionals (not the Debtor) will perform the tasks of copying the Debtor's computers onto USB drives or external drives, cloning the computers, and making the copies, all pursuant to the numerous State Court orders, which orders include provisions to protect the proprietary information of the Debtor.  Moreover, Respondent is paying for the drives and the paper.  Assuming cooperation from Karantinidis, the process should take days, not months.

## III.   The Debtor's Request for Contempt Must be Denied.

33.     While the Court has the power under Bankruptcy Code section 105(a) to find a party in civil contempt for non-compliance with its orders, the standard for finding a party in contempt requires the party's adversary to show "by clear and convincing evidence that he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Elder-Beerman Stores corp. v. Thomasville Furniture Indus. Inc. (In re Elder-Beerman Stores Corp.)*, 197 B.R. 629, 633 (Bankr. S.D. Ohio 1996) (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)); *see Rosales v. Wallace (In re Wallace)*, 490 B.R. 898, 905 (9th Cir. B.A.P. 2014) (same); *In re Jenkins*, No. 05-73127, 2011 WL 2619317, at *7 (Bankr. N.D.N.Y. 2011)

(same and citing cases). In the context of a stay violation, the moving party must show that the respondent had constructive knowledge of the stay and "notwithstanding such knowledge, actions were taken in violation of the stay." *Elder-Beerman*, 829 F.2d at 633 (citation and quotation marks omitted). Further, while an intentional violation of the stay may justify a sanction, the sanction must be tailored such that it is either compensatory or remedial in nature. *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1192 (9th Cir. 2002) (stating that, under section 105, sanctions "must either be compensatory or designed to coerce compliance" and punitive sanctions are not available); *In re Roxwell Performance Drilling, LLC*, No. 13-50301, 2014 WL 2800767, at *4 (Bankr. N.D. Tex. June 19, 2014) ("[A] major purpose of civil contempt is to compensate a party for damages sustained as the result of a violation of a court order or injunction." (quotation marks and citation omitted)).

34.    In this case, there can be no finding of contempt because, as set forth above, neither the Respondent nor her professionals violated the Debtor's automatic stay. Debtor's vague and conclusory statements fail to identify any particular act that violates the Debtor's stay. Moreover, the Respondent and her professionals continued to attempt to take discovery of Karantinidis only (a) after the Judge in the Matrimonial Action counseled the parties at the January 6, 2015 hearing that the Debtor's automatic stay did not stay discovery of Karantinidis in the Matrimonial Action and (b) in accordance with such Judge's two Orders dated January 6, 2015 directing the parties in the Matrimonial Action to continue the discovery process. *See* Motion at ¶ 6 and January 6 Orders attached hereto as Exhibit B. Therefore, even if there was a finding that the automatic stay was violated, there could be no finding that such violation was a knowing violation. Thus, neither a finding of contempt, nor the application of sanctions are

13

appropriate here.

35.    Debtor also alludes to Bankruptcy Code section 362(k) in connection with its request for a finding of contempt. However, that section only applies in cases where the debtor is an individual.    11 U.S.C. § 362(k) ("an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages").  As the Debtor is a corporation, that section has no application here.

## IV.    Request for Entry of an Order Granting Respondent Relief from Stay, Nunc Pro Tunc to the Petition Date

36.    As set forth more fully in the Motion to Dismiss, to the extent, if any, Bankruptcy Code section 362 stays the Matrimonial Action, cause exists for relief from the stay.  Therefore, if the Court determines that the Debtor's stay relief is required, Respondent respectfully requests that this Court grant Respondent relief from the stay *nunc pro tunc* to the Petition Date.[3]

---

[3] If the Court determines that an extension of the automatic stay or an injunction is warranted to protect the Debtor, its owner and their affiliates, it is respectfully requested that this Court enter an order that specifically names the entities that are protected and the precise acts that are stayed because there are many entities related to the Debtor and there is the potential for confusion.  This request is in furtherance of a request by Justice Viscovich made at a hearing held before him on January 13, 2015, who informed all counsel that would welcome a conference with Your Honor to discuss this case.

## CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, the Respondent requests that the

Motion be denied.

**Dated:  New York, New York**
**January 14, 2015**

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

By:  _/s/_ Jil Mazer-Marino      
        **Jil Mazer-Marino**
        **Edward J. LoBello**
        **Jessica G. Berman**
**1350 Broadway, Suite 501**
**New York, NY  10018-0026**
**(212) 239-4999 (Telephone)**
**(212) 239-1311 (Telecopy)**
**Email: jmazermarino@msek.com**
      **elobello@msek.com**

*Counsel for Vaia Delidimitropulu Karantinidis*

15

# EXHIBIT A

**Supreme Court Civil Term**

COUNTY OF ___QUEENS___

Index No. 21227/2013

Motion Calendar No. _____

VAIA DELIDIMITROPOULOS **Plaintiff**
KARANTINIDIS

-against-

MICHAEL KARANTINIDIS
**Defendant.**

STIPULATION/ORDER

HON. Maureen Healy

DATE 3/12/14

The parties to this action agree as follows:

Plaintiff's motion is granted to the following extent.
It is subject to the automatic orders of DRL
(1) Both parties shall have the right to regular
access to all books, records pertaining to
all business entities of the parties in this
marriage.
(2) Neither party may share in any business/
venture not already in contract/process
(3) Neither party shall handle any more
notes assets held by the parties except
upon mutual consent in writing.

SHORT FORM ORDER

## NEW YORK SUPREME COURT—QUEENS COUNTY

Present: Hon _Maureen A. Healy, A.J.S.C._ TRIAL/SPECIAL TERM, PART
Justice

|  |  |  |
|---|---|---|
| _Vasa Delidemitropulu Karatzidis_ | INDEX NUMBER _21227_ 20 _13_ | |
| — against — | MOTION DATE _April 8_ 20 _14_ | |
| _Michael Karatzidis_ | MOTION CAL. NUMBER .......... | |
|  | TRIAL CAL. NUMBER .......... | |

The following papers numbered 1 to _7_ read on this motion _Enforce a prior Court Order dated 3/12/14_

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits - Exhibits ........... | _1_ |
| Answering Affidavits - Exhibits ........... | _2_ |
| Replying Affidavits ........... | |

Upon the foregoing papers it is ordered that this motion _is granted to the following extent. Defendant is to provide plaintiff with copies of any and all receipts from business on a weekly basis beginning Monday April 14, 2014 & every Monday thereafter. Defendant is to provide copies of monthly bank statements to plaintiff. Plaintiff to provide weekly accounting etc, regarding plaintiffs business._

Dated _April 8, 2014_

_____ _A_ J.S.C.

21227/2013 ORDER SIGNED                                                                                          Page 1 of 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: PART 60
-----------------------------------------------------------X
Vaia Delidimitropulu Karantinidis,                               Index: 21227/2013

                                    Plaintiff,                    Motion date: October 1, 2014

        -against-                                                Motion Seq. # 3

Michael Karantinidis,                              **DECISION/ORDER**

                            Defendant.
-----------------------------------------------------------X

        Recitation, as required by CPLR § 2219 (a), of the following papers numbered 1 to 8 read
on this Order to Show Cause by plaintiff dated May 9, 2014 seeking an Order: (1) directing that
plaintiff's retained expert Mark Gottlieb, CPA, be permitted weekly access to access the books
and records of Hephaistos Building Supplies, Inc., including plaintiff's point-of-sale logs and
generated receipts and backups; (2) directing that the point-of-sale computer password be
restored to its former password, of which plaintiff has knowledge, or in the alternative, that the
current password be shared with plaintiff; (3) compelling defendant to comply with the Notice
for Discovery and Inspection and First Set of Interrogatories served by plaintiff; (4) compelling
defendant to produce monthly bank statements for his business entities pursuant to an April 8,
2014 Court Order; (5) directing defendant to execute IRS 4506 forms to authorize copies of tax
returns for the past six years for the business entities under defendant's control, *to wit*,
Hephaistos Building Supplies, Inc., Hephestos Tile Supplies, Inc., Michael Karantinidis M.C.E.,
P.E., International Geotechnical Structural Laboratories, Geotech Enterprises Inc., Hephaistos
Developing, LLC., Thea Polis, LLC., as well as defendant's personal tax return, to be provided to
*plaintiff's counsel*; and (6) counsel fees in the amount of $25,000.00 for making this motion.

PAPERS                                              NUMBERED

        O.S.C, Affs., Exhibits and Service.............................1-5
        Affirmation in Opposition...........................................6
        Reply Affidavit, Exhibits.........................................7-8

FILED
DEC 03 2014
COUNTY CLERK
QUEENS COUNTY

1

Page 2 of 2

Upon the foregoing papers the motion is determined as follows:

The first and second branches of plaintiff Order to Show Cause are granted. Defendant shall provide plaintiff weekly access to ascertain the books and records of *Hephaistos Building Supplies, Inc.*, including point-of-sale logs and generated receipts and backups. In order for the access to occur, defendant must supply plaintiff with the proper password for the point-of-sale computer. The parties are to arrange the weekly schedule allowing for plaintiff's access at a mutually agreeable time.

The third and fourth branches of plaintiff's Order to Show Cause are granted. Defendant is to provide responses to plaintiff's Notice for Discovery and Inspection and First Set of Interrogatories within 30 days of this Order. In addition, defendant is to provide monthly bank statements for his business entities as was previously ordered by this Court on April 8, 2014.

The fifth branch of plaintiff's motion is granted to the extent that defendant is directed to provide complete copies of his business and personal tax returns for the past six years within 30 days of the date of this Order. In the event, defendant can not produce the returns, then defendant is directed to complete the IRS 4506 form authorizing plaintiff to obtain such records directly *from the IRS.*

The sixth branch of plaintiff's motion for attorneys fees is reserved for a hearing on November 21, 2014.

Any other relief requested but not specifically addressed herein is denied.

This constitutes the Decision and Order of the Court. Both sides have been mailed a copy of this Decision/Order.

Date: November 13, 2014

FILED
DEC 03 2014
COUNTY CLERK
QUEENS COUNTY

Hon. Maureen A. Healy, A.J.S.C.

# EXHIBIT B

SHORT FORM ORDER

## NEW YORK SUPREME COURT—QUEENS COUNTY

Present: Hon William A. Viscovich TRIAL/SPECIAL TERM, PART 63

Justice

Vaia Delidimitropulu Karantinidis

— against —

Michael Karantinidis

INDEX NUMBER 21227 20 13

MOTION DATE 1 - 6 20 15

MOTION CAL. NUMBER 12

TRIAL CAL. NUMBER

The following papers numbered 1 to 10 read on this motion OSC

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/Order to Show Cause—Affidavits-Exhibits | 1-5 |
| Answering Affidavits-Exhibits | 5-10 |
| Replying Affidavits | |

Upon the foregoing papers it is ordered that this motion OSC for contempt is decided as follows: That portion of the OSC seeking contempt is hereby adjourned to Feb 2 2015 to meet all of the other outstanding motions/OSC. 10am on Tues Jan 13 2015 plaintiffs accountant to inspect books/records of the building supply (HBS) + any associated or related companies accountant 10am on Jan 13th 2015 to inspect Engineering Office + any related or associated companies order to the address as listed in 12/5/14 order

The Court

Dated pg 1 of 2

J.S.C.

SHORT FORM ORDER

## NEW YORK SUPREME COURT—QUEENS COUNTY

Present: Hon ................................................ TRIAL/SPECIAL TERM, PART 63

Justice

*Karantinolis*

— against —

*Karantinolis*

INDEX
NUMBER ................... 20....

MOTION
DATE ......................... 20....

MOTION
CAL. NUMBER ...............

TRIAL
CAL. NUMBER ...............

The following papers numbered 1 to....... read on this motion ......................................

PAPERS NUMBERED

Notice of Motion/Order to Show Cause—Affidavits-Exhibits ....................

.......................................................

Answering Affidavits-Exhibits ...............................................

.......................................................

Replying Affidavits ...........................................................

.......................................................

Upon the foregoing papers it is ordered that this motion ...................

Defendants accountant is to inspect
is to have the books and
records available on the dates and times
ordered and someone available, to grant the access
to the accountant
Defendant's accountant to inspect the financial
records of plaintiffs psychology practice. Plaintiff
may redact any personal information regarding
patients in order to comply with HIPPA regulations
Defendant to inspect on Friday Jan 16 2015 at
2pm. — Anatole Pryce + Bryce of record

Dated................. *page 2 of 2*

William A Viscovich J.S.C.

SHORT FORM ORDER

## NEW YORK SUPREME COURT—QUEENS COUNTY

Present: Hon _William A. Viscovich_   TRIAL/SPECIAL TERM, PART _63_
            Justice               _AJSC_

| | |
|---|---|
| _Vava Delidymitropalu Karaxtexalo_ | INDEX NUMBER _21227_ 20 _13_ |
| — against — | MOTION DATE _____ 20___ |
| _Michael Karaxtexalo_ | MOTION CAL. NUMBER _____ |
| | TRIAL CAL. NUMBER _____ |

The following papers numbered 1 to ...... read on this motion ...........................

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits-Exhibits ............ | .................... |
| Answering Affidavits-Exhibits .................................. | .................... |
| Replying Affidavits ........................................... | .................... |

Upon the foregoing papers it is ordered that this motion ...........................

_It is hereby Ordered that both sides are to comply with any outstanding discovery demands/interrogatories on or before February 2, 2015._

Dated _1-6-15_

_William A. Viscovich_ J.S.C. AJSC

# EXHIBIT C

SHORT FORM ORDER

## NEW YORK SUPREME COURT—QUEENS COUNTY

Present: Hon William A. Viscovich .................... TRIAL/SPECIAL TERM, PART 63

Justice

AJSC

| | INDEX NUMBER | 21227 20 14 |
|---|---|---|

Vara Celidimitropilly Kaartrial

— against —

Michael Kaartineals

MOTION DATE .................... 20 ....

MOTION CAL. NUMBER ................

TRIAL CAL. NUMBER ................

The following papers numbered 1 to ...... read on this motion ....................................................

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/Order to Show Cause—Affidavits-Exhibits ................... | ................... |
| Answering Affidavits-Exhibits ................... | ................... |
| Replying Affidavits ................... | ................... |

Upon the foregoing papers it is ordered that this motion ....................................................

It is hereby ordered that the Accountants for both Plaintiff & Defendant may make copies of the financial records that are being inspected, either by hardcopy or electronically. Neither accountant may disclose proprietary info ie e-names or any other identifying info ie clients, vendors, patients, addresses etc. Read

Neither plaintiff or defendant are to interfere with the ordered inspections either physically and/or verbally.

Dated... 1-17-15

William A. Viscovich   J.S.C.