Stephen B. Meister, Esq.
Christopher J. Major, Esq.
Alexander D. Pencu, Esq.
Remy J. Stocks, Esq.
**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500
*Attorneys for William T. Obeid*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>33 PECK SLIP ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-12479(JLG)<br><br>Jointly Administered |

### NOTICE OF INTENTION TO SERVE SUBPOENA

Pursuant to Fed. R. Civ. P. 45(a)(4) made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, William T. Obeid, by and through his undersigned counsel, hereby provides notice that he intends to serve **Jones Lang LaSalle Brokerage, Inc.** with a subpoena commanding attendance at a deposition and production of documents a true copy of which is annexed hereto.

Dated: New York, New York
      September 28, 2015

By: /s/ Alexander D. Pencu
     Alexander D. Pencu, Esq.

**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500
Email: adp@msf-law.com

## Certification of Service

      I hereby certify that on September 28, 2015 a copy of the within Notice of Intention to Serve Subpoena will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                By: /s/ Alexander D. Pencu
                                                      Alexander D. Pencu, Esq.

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN _____ District of _____ NEW YORK

In re  33 PECK SLIP ACQUISITION LLC
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 15-12479(JLG)

Chapter 11

_____
Plaintiff
v.
_____
Defendant

Jointly Administered
Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Jones Lang LaSalle Brokerage, Inc., 330 Madison Avenue, New York, NY 10017
*(Name of person to whom the subpoena is directed)*

[x] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:  See Schedule A

| PLACE  Meister Seelig & Fein LLP<br>125 Park Avenue, 7th Floor, New York, NY 10017 | DATE AND TIME<br>October 20, 2015 at 10:00 A.M. |
|---|---|

The deposition will be recorded by this method:

Stenographic and Audio Visual

[x] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/28/2015

CLERK OF COURT

_____          OR    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
William T. Obeid _____ , who issues or requests this subpoena, are:
Alexander D. Pencu, Esq., Meister Seelig & Fein LLP, 125 Park Avenue, 7th Floor, New York, NY 10017

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

# DEFINITIONS

1. The terms "**communication(s)**", **"communicate"**, or **statement(s)** include or request information relating to all oral, electronic and written exchange of words, thoughts or ideas to another person(s), whether in writing, person to person, in a group, by telephone, minutes of meetings, by letter, telephonic or by any other process, electronic or otherwise, including without limitation, emails and documents (as hereinabove defined), whether or not such document, or the information contained therein, was transmitted by its author to any other person.

2. The term "**document**" is defined as synonymous with the broadest reasonable interpretation in meaning and scope to the common usage of the term. Any response or answer to a disclosure request that identifies or refers to a document should also identify or refer to all drafts or non-identical copies thereof. The term "document(s): includes but is not limited to any writing, recording, or transcription of any kind, including but not limited to: correspondence, letters; telegrams; memoranda; reports; lists; studies; calendar or diary entries; minutes; pamphlets; summaries; notes; photographs; invoices; charts; tabulations; records; magnetic tapes or disks; hard drives or other electronic media or information storage devices; CD ROMS; audio and/or videotapes; digital memory devices; transcriptions of meetings, conference, or conversations of any kind; or any other type of memorialization whatsoever, in each and every tangible medium from which information can be gleaned, **including but not limited to electronic data (i.e. meta-data)** showing the date each document was created and modified.

3. The term "**person**" means any natural person, partnership, firm, association or corporation or any other kind of business, legal or governmental entity or association, its agents or employees.

4. The term "**You**", or "**JLL**" shall mean Jones Lang LaSalle Brokerage, Inc. together with its officers, directors, employees, attorneys, subsidiaries, parents, and affiliates.

5. The term "**Gemini**" shall mean collectively with its officers, directors, employees, attorneys, subsidiaries, parents, and affiliates, including, GREA, Gemini Property Management, LLC, Gemini Acquisition Company, LLC, Gemini Holdings, LLC, Sprucewood Realty, LLC, Gemini Asset Management, LLC, Gemini Loan Servicing, LLC, Gemini Hotel Manager, LLC, Gemini Equity Partners, LLC, Gemini Realty GP, LLC, Gemini Realty Trust, Inc., Gemini Property Advisor, LLC, Gemini Acquisition Subsidiary, LLC, Gemini Capital Markets, LLC, GCM Olean, LLC, Gemini Dunbar Mezz Lender, LLC, Gemini Hospitality Management, LLC, Gemini Hospitality Advisors, LLC, GMP Funding, LLC, GMP Parent, LLC, GMP Manger, LLC, Gemini CP Operator, LLC, Gemini Real Estate Partners, LP, EWH Capital, LLC, Gemini Commercial Realty, LLC, Gemini 135 East Houston MT, LLC, Gemini 135 East Houston, LLC, Gemini 135 East Houston H, LLC, Gemini 442 West 36th Street MT, LLC, Gemini 442 West 36th Street, LLC, Gemini 442 West 36th Street H, LLC, Gemini 442 West 36th Street 30, LLC, Gemini 305 West 39th Street MT, LLC, Gemini 305 West 39th Street, LLC, Gemini 305 West 39th Street H, LLC, Gemini 305 West 39th Street 4, LLC, Gemini 449 West 36th Street MT, LLC, 300 West 22 Realty LLC, Gemini 300 West 22nd Street, LLC, 300 West 22 Managing Member, LLC, 300 West 22 Retail, LLC, 52 West 13th P, LLC, 52 West 13th Holding, LLC, The Gem Hotel Union Square, LLC, Gemini 37 West 24th Street MT, LLC, Gemini 37 West 24th Street, LLC, Gemini NYC Hotel, LLC, Gemini JFK Hotel, LLC, Gemini 280 Friend Street MT, LLC, Gemini 280 Friend Street JV, LLC, 36 West 38th Street Holding, LLC, 36 West 38th Street, LLC, 36 West 38th Street Manager, LLC, Gemini Jade Bryant Park Developer, LLC, 33 Peck Slip Acquisition, LLC, 33 Peck Slip Holding, LLC, 33 Peck Slip Manager, LLC, 33 Peck Slip

Property Management, LLC, 1775 James Avenue, LLC, 1775 James Avenue Holding, LLC, 1775 James Avenue Manager, LLC, Gemini Boynton Beach S, LLC, Gemini Brandon S, LLC, Gemini Town Center H, LLC, Gemini Town Center M, LLC, Gemini Real Estate Ranch Lake, LLC, Gemini Ranch Lake Member, LLC, Gemini Tamiami, LLC, Gemini Tamiami H, LLC, Gemini Centerville Galleria, LLC, Gemini Centerville Galleria H, LLC, Gemini Centerville Outparcel, LLC, Gemini East West, LLC, Gemini East West H, LLC, Gemini Indian Creek, LLC, Gemini Indian Creek H, LLC, Gemini Real Estate Indian Creek, LLC, Gemini Real Estate Indian Creek Member, LLC, Gemini Tinley Park H, LLC, Gemini DuBois Mall, LLC, Gemini DuBois Mall H, LLC, DuBois Venture 1, LLC, Gemini Ebensburg Plaza S, LLC, Gemini Johnstown Galleria H, LLC, Gemini Johnstown Galleria, LLC, Gemini Johnstown Galleria S, LLC, Gemini Realty Harper Crossing, LLC, Gemini Realty Harper Crossing Member, LLC, Gemini Lewisville Commons H, LLC, Gemini River Ridge, LLC, Gemini River Ridge H, LLC, Gemini Youngsville Crossing, LLC, Gemini Youngsville Crossing M, LLC, Gemini Youngsville Crossing Manager, LLC, SPEBNE Acquisitions, LLC, Gemini Parkway Plaza, LLC, Gemini Parkway Plaza H, LLC, Gemini Rio Norte H GP, LLC, Gemini Rio Norte, LLC, Gemini Rio Norte H, LLC, Gemini Rowlett Crossing, LP, Gemini Rowlett Crossing GP, LLC, Gemini Rowlett Partners, LLC, Gemini Rowlett Crossing H GP, LP, Gemini Rowlett Crossing S GP, LP, Gemini Rowlett Crossing Holdings, LLC, Gemini Rowlett Crossing H, LLC, Gemini Rowlett Crossing S, LLC, Gemini Richardson Square, LP, Gemini Richardson Square GP, LLC, Gemini Richardson Square Investors, LLC, Richardson Village Holdings, LLC, Gemini OF III Richardson Square, LLC, Gemini College Plaza, LLC, Gemini College Plaza H, LLC, Gemini Opportunity Fund I, LLC, Gemini Opportunity Fund III, LLC, Gemini Opportunity Fund IV,

LLC, Gemini New York Hospitality Fund, LLC, Gemini Fund 5, LLC, Gemini Fund 5 Manager, LLC and Gemini Olean Mezz Lender, LLC.

6. The term "**Obeid**" shall mean William T. Obeid, an individual residing at 159½ East 94th Street, New York, NY 10128.

7. The term "**La Mack**" shall mean Christopher F. La Mack, an individual with a residence at 369 Montibello Drive, Mooresville, North Carolina 28117.

8. The term "**Massaro**" shall mean Dante Massaro, an individual with a residence at 12829 Shamley Court, Huntersville, North Carolina 28078.

9. The term "**Jariwala**" shall mean Atit Jariwala, an individual with a residence at 208 West 23rd Street, Apartment 1000, New York, New York 10011.

10. The term "**Bridgeton**" shall collectively mean Bridgeton Holdings LLC, Bridgeton Hotel Management, LLC and Bridgeton Acquisitions, LLC.

11. The term "**Bridgeton Parties**" shall collectively mean Jariwala and Bridgeton.

12. The term "**Debtor 1**" shall mean 33 Peck Slip Acquisition, LLC together with its officers, directors, employees, attorneys, subsidiaries, parents, and affiliates.

13. The term "**Debtor 2**" shall mean 36 West 38th Street, LLC together with its officers, directors, employees, attorneys, subsidiaries, parents, and affiliates.

14. The term "**Debtor 3**" shall mean 37 West 24th Street MT, LLC together with its officers, directors, employees, attorneys, subsidiaries, parents, and affiliates.

15. The term "**Debtor 4**" shall mean 52 West 13th P, LLC together with its officers, directors, employees, attorneys, subsidiaries, parents, and affiliates.

16. The term "**Debtor Entities**" shall collectively mean Debtor 1, Debtor 2, Debtor 3 and Debtor 4.

17. The term "**Debtor 1 Property**" shall mean the real property known as the Best Western Seaport Hotel and located at 33 Peck Slip, New York, NY.

18. The term "**Debtor 2 Property**" shall mean the real property known as the Bryant Park Development Site and located at 36-38 West 38th Street, New York, NY.

19. The term "**Debtor 3 Property**" shall mean the real property known as the Wyndham Garden Manhattan Chelsea West and located at 37 West 24th Street, New York, NY.

20. The term "**Debtor 4 Property**" shall mean the real property known as the Jade Greenwich Village Hotel and located at 52 West 13th Street, New York, NY.

21. The term "**Hotel Properties**" shall collectively mean the Debtor 1 Property, Debtor 2 Property, Debtor 3 Property and Debtor 4 Property.

22. The term "**Debtor 1 Stalking Horse Bidder**" shall mean Morning View Hotels – New York Seaport, LLC, together with its officers, directors, employees, attorneys, subsidiaries, parents, and affiliates, which include its parent Atlantic Pearl Investments, Inc. and its principal Bob Ghassemieh.

23. The term "**Debtor 2 Stalking Horse Bidder**" shall mean Hansji Corporation together with its officers, directors, employees, attorneys, subsidiaries, parents, and affiliates, which include its principal Rajan Hansji.

24. The term "**Debtor 3 Stalking Horse Bidder**" shall mean Bridgeton Acquisitions LLC, together with its officers, directors, employees, attorneys, subsidiaries, parents, and affiliates, which include its parent Bridgeton Holdings, LLC and its principal Jariwala (previously defined above).

25. The term "**Debtor 4 Stalking Horse Bidder**" shall mean Bridgeton Acquisitions LLC, together with its officers, directors, employees, attorneys, subsidiaries, parents, and

affiliates, which include its parent Bridgeton Holdings, LLC and its principal Jariwala (previously defined above).

26. The term "**Stalking Horse Bidders**" shall collectively mean Debtor 1 Stalking Horse Bidder, Debtor 2 Stalking Horse Bidder, Debtor 3 Stalking Horse Bidder and Debtor 4 Stalking Horse Bidder.

27. The term "**identify**," when referring to a person, means to provide the person's full name, present or last known address and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.

28. The term "**identify**," when referring to a document, means to provide the (i) the type of document, (ii) general subject matter, (iii) date of the document, (iv) the identities of the author(s), addressee(s), and recipient(s) of the document, and (v) the identity of the custodian of the document.  If the document for which identification is sought has been lost or destroyed, "identify" also means to provide the identity of the last custodian of the document and the circumstances of its loss or destruction.

29. The term "**concerning**" means relating to, referring to, regarding, describing, evidencing, involving, stating, implying, or constituting.

30. The term "**regarding**" means relating to, referring to, concerning, describing, evidencing, involving, stating, implying, or constituting.

31. The terms **"relating to," "related to"** or **"relates to"** mean concerning, regarding, referring to, involving, stating, describing, evidencing, implying, or constituting.

32. The persons/entities identified above are defined to include their officers, directors, employees, agents, attorneys, accountants, members, partners, closely held corporations, corporate parents, subsidiaries, affiliates, partnerships, representatives, successors

or assigns under such party's control or any other person(s) acting or purporting to act on its behalf.

33. "**All**" and "**each**" shall be construed as all and each.

34. "**And**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests all responses that might otherwise be construed to be outside of their scope.

35. The time period for testimony and the requests is from June 1, 2015 to the present.

## DEPOSITION TOPICS

1. The Debtor Entities.
2. The sale of any of the Hotel Properties.
3. The Stalking Horse Bidders
4. The bids offered by the Stalking Horse Bidders.
5. Communications with Massaro and La Mack concerning any of the above.
6. Communications with Gemini concerning any of the above.
7. Communications with Jariwala concerning any of the above.
8. Communications with the Bridgeton Parties concerning any of the above.

## DOCUMENT REQUESTS

1. All documents and communications concerning the Debtor Entities.
2. All documents and communications concerning the Hotel Properties.
3. All document and communications concerning the Stalking Horse Bidders. This shall include all documents and communications between You and any of the Stalking Horse Bidders.
4. All documents and communications between You and La Mack and Massaro concerning the Debtor Entities, the Hotel Properties and the Stalking Horse Bidders.

This shall include all communications concerning any of the bids made by the Stalking Horse Bidders.

5. All documents and communications between You and Gemini concerning the Debtor Entities, the Hotel Properties and the Stalking Horse Bidders. This shall include all communications concerning any of the bids made by the Stalking Horse Bidders.

6. All documents and communications between You and Jariwala concerning the Debtor Entities, the Hotel Properties and the Stalking Horse Bidders. This shall include all communications concerning any of the bids made by the Stalking Horse Bidders.

7. All documents and communications between You and the Bridgeton Parties concerning the Debtor Entities, the Hotel Properties and the Stalking Horse Bidders. This shall include all communications concerning any of the bids made by the Stalking Horse Bidders.