UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION
------------------------------------------------------------X    CHAPTER 11

IN RE:                                                           CASE NO. 15-10293-SCC

    Arlene C. Farkas,

        Debtor.
------------------------------------------------------------X

**REPLY IN FURTHER SUPPORT OF THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

    PRANALI DATTA, ESQ. the undersigned, an attorney duly licensed to practice law in the State of New York and admitted to practice before the courts in the Southern District of New York, affirms the following under the penalty of perjury:

    That I am an associate of the firm of STEIN, WIENER & ROTH, L.L.P., the attorneys for CIT Bank, N.A. previously known as OneWest Bank N.A. (hereinafter "CIT Bank, N.A."), a Secured Creditor of the above referenced Debtor[1] herein and I am fully familiar with the facts and circumstances of this case. As the attorney for CIT Bank, N.A., I am fully familiar with the facts and circumstances set forth herein. I submit this Reply in Further Support of CIT Bank N.A.'s Motion for Relief (the "Motion")..

    1.    In opposition to the Motion Debtor argues that because the Cooperative Unit is needed to reorganize and because, in her opinion, there is a sufficient equity cushion, the Motion should be denied. The Debtor glosses over, however, that she has had ample opportunity to sell the Cooperative Unit in order to reorganize and propose a viable Chapter 11 plan for this single asset case and that more than just CIT Bank, N.A.'s lien needs to be considered when evaluating potential equity.

    2.    The history of the extensive courtesies that have been afforded to Debtor and the long, litigious foreclosure case concerning the Cooperative Unit was set forth in CIT Bank, N.A.'s moving papers.

    3.    In fact, CIT Bank, N.A. first scheduled an auction for the Cooperative Unit over *two years ago*

---

[1] Capitalized terms shall have the same meaning assigned to them in CIT Bank, N.A.'s moving papers unless otherwise defined herein.

for July 10, 2013. Due to multiple Orders to Show Cause and the filing of this instant petition, CIT Bank, N.A. has been thwarted from completing the auction of the Cooperative Unit.

4. Since the filing of the instant Chapter 11 Bankruptcy case, the Debtor has still failed to consummate a sale of the Cooperative Unit despite CIT Bank, N.A. withholding objection to extensions of time for her to do so. Pursuant to the Order Authorizing and Approving the Terms and Conditions of Sale, signed on March 24, 2015, the Bid Procedures Order was set for June 29, 2015. The Debtor did not provide CIT Bank, N.A. with any bid information, and adjourned the Sale Hearing to September 10, 2015, to add further delay to this process.

5. The Debtor caused further delays when she filed the Chapter 11 Plan (the "Plan") of Reorganization and Disclosure Statement untimely. On June 4, 2015, the Debtor filed a Motion to Extend Time to File the Plan and Disclosure Statement with an Order signed on June 25, 2015 marking the due date for a filed Plan of September 9, 2015. The Debtor's Plan and Disclosure Statement were untimely filed with the court on September 21, 2015.

**Little or No Equity Exists**

6. Contrary to the assertions of the Debtor, there is little or no equity in the premises. CIT Bank, N.A. is owed approximately $6,738,000.00. In addition thereto, the following amounts will also be due:

a) Cooperative Maintenance - The Debtor is drastically delinquent in her maintenance obligations. As of the date of this affirmation, these arrears total approximately $119,345.89. (Exhibit "A") Maintenance accrues at the rate of $11,092.50 per month.

b) Cooperative Flip Tax - Additionally, the Co-op requires a 2% Flip Tax to be paid when the property is sold. Assuming the Debtor can even sell the unit as per the valuation in her Opposition for $8 million; this would add another $160,000.00 for the Flip Tax.

c) Broker Commissions- The Broker is also entitled to a 6% commission of $480,000.00 assuming again an $8 million purchase price.

The grand total would approximate $7.5 million, which does not cover the Debtor's attorneys' fees (which are likely to exceed $100,000) and any other closing costs. It is respectfully submitted that the so called equity that Debtor alleges exists is quickly deteriorating, even if the Debtor can obtain another offer of $8 million. CIT Bank, N.A. should not be required to wait until there is *nothing* left and hope to squeak by in having its lien

paid off. With maintenance fees accruing at over $11,000 per month and attorneys fees continuing to accrue as well, any slim equity cushion remaining is quickly diminishing.

### **Confirmation of the Plan in a Reasonable Time is Unlikely**

7. The Debtor's Plan is premised solely upon her ability to sell the Cooperative Unit. However, she has already demonstrated an inability to find a purchaser the Co-Op Board will approve. As set forth in the Opposition, the sole proposed purchaser presented since the commencement of this bankruptcy was not approved by the Co-Op. Thus, the Debtor has not filed a plan that has a reasonable possibility of being confirmed within a reasonable time, meriting relief from the stay pursuant to §362(d)(3). Although in a single asset case, Debtors often argue that the property is critical to reorganization, the phrase "necessary to an effective reorganization" means that a reasonable possibility of a successful reorganization within a reasonable time. *United Savings Association v. Timbers of Inwood Forest Associated Ltd.*, 484 U.S. 365, 98 L.Ed. 2d 740 (1988). *In re Huggins*, 357 B.R. 180, 185 (Bankr. D. Mass. 2006) (the Debtor must "present evidence that (a) she has proposed a plan rooted in her actual financial experience and condition and based on a reasonably projected financial performance derived therefrom and (b) this plan is within the realm of reasonable achievement within a prescribed and discernable period of time.").

8. CIT Bank, N.A. has afforded the Debtor ample opportunity to sell the Cooperative Unit. At this point, the Debtor is simply stalling the inevitable sale of the Cooperative Unit with nothing more than hope that a purchaser will appear, agree to pay the $8 million proposed by the former offeror, and be approved by the Co-op board. Her sheer optimism cannot confirm the Plan and cannot be the basis to allow further delay.

9. CIT Bank, N.A. will be irreparably harmed by the continuation of the automatic stay and the consequential delay in the prosecution of the foreclosure action. Debtor has been given multiple opportunities over the course of *not months but years* to sell the Cooperative Unit and satisfy her creditors. The Debtor cannot even assure the Court that the she can procure another purchaser for the same $8 million purchase price, never mind one that will be acceptable to the Co-op.

10. That by virtue of the foregoing, the Debtor has caused CIT Bank, N.A. to suffer prejudicial delay; the collateral is drastically decreasing in value with each passing day and she has failed to propose a plan that is not only possible, but probable. *In re Kent Terminal Corp.*, 166 B.R. 555, 561 (Bankr.S.D.N.Y.1994) (explaining that "[a]s time passes and the debtor's exclusivity period expires, the debtor must meet a somewhat higher standard, i.e., that confirmation of the proposed plan is not only possible but 'probable'). Therefore, pursuant to 11 U.S.C. §362(d), cause exists to vacate the automatic stay.

### **Cause Exists to Lift the Stay.**

11. The courts have held that a debtor's failure to keep maintenance fees and obligations current and to keep creditor adequately protected, constitutes "cause" to lift the automatic stay. *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) (stating "to be sure, the failure to make mortgage payments constitutes 'cause' for relief from the automatic stay and is one of the best examples of a 'lack of adequate protection' under Section 362(d)(1) of the Bankruptcy Code"); *See In re Taylor,* 151 B.R. 646 (Bankr. E.D.N.Y. 1993).

12. CIT Bank, N.A. makes this request for relief from the stay pursuant to section 362(d)(1) of the Bankruptcy Code. The Debtor has failed to make monthly maintenance payments called for under the Propriety Lease totaling over $119,000.00. Further, no monthly payments for maintenance have been made by the Debtor since the inception of this case. Such unpaid charges cause the balance owed to the Co-Op to grow, which in turn increases the amount of CIT Bank, N.A.'s lien on the apartment.

13. This lack of post-petition payments provides sufficient cause for granting relief under Section 362(d)(1) of the Bankruptcy Code. CIT Bank, N.A. should be granted relief from the automatic stay to foreclose on the Cooperative Unit under section 362(d)(1) of the Bankruptcy Code and sell it to satisfy CIT Bank, N.A.'s claim.

14. A debtor's failure to make regular mortgage payments as they become due can constitute "cause" for relief from the automatic stay pursuant to § 362(d)(1). *See In re Frascatore*, 33 B.R. 687 Bkrtcy.E.D.Pa.1983); *In re Hinkle*, 14 B.R. 202 (Bkrtcy.E.D.Pa.1981); *Ukranian Sav. and Loan Assoc. v. Trident Corp.*, 22 B.R. 491, 495 (D.C., E.D.Pa.1982). We read § 362(d)(1), as well as the above-cited cases, to

support a finding in this case that the debtors' unexplained failure to make consecutive payments, standing alone, constitutes cause for relief from the stay. *In re Keays*, 36 B.R. 1016, 1017 (Bankr .Pa. 1984).

**WHEREFORE,** it is respectfully requested that CIT Bank, N.A.'s Motion be granted in its entirety, together with such other and further relief as the Court deem just, proper and equitable.

Dated: Carle Place, New York
October 29, 2015

BY: PRANALI DATTA, ESQ. (pd 5591)
Attorneys for CIT Bank, N.A. f/k/a OneWest Bank N.A.
Office & P.O. Address
One Old Country Road, Suite 113
Carle Place, New York 11514
(516) 742-1212

TO:  Ronald J. Friedman, Esq.
Debtor's Attorney
SilvermanAcampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753

Gerard R. Luckman, Esq.
Debtor's Attorney
SilvermanAcampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753

Adam L. Rose, Esq.
Debtor's Attorney
Diamond McCarthy LLP
620 Eighth Avenue
39th Floor
New York, NY 10018

U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION
---------------------------------------------------------------X    CHAPTER 11

IN RE:                                                              CASE NO. 15-10293-SCC

    Arlene C. Farkas,

                            Debtors.
---------------------------------------------------------------X

================================================================

**REPLY IN FURTHER SUPPORT OF THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

================================================================

                  STEIN, WIENER & ROTH, L.L.P.
                  Attorneys for CIT Bank, N.A. f/k/a OneWest Bank N.A.
                  Office & P.O. Address
                  One Old Country Road, Suite 113
                  Carle Place, New York 11514
                  (516) 742-1212
                  62384/INDY-FF