UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                                                          Chapter 11

EVERYDAY LOGISTICS LLC,                                  Case No. 10-22026 (RDD)

             Debtor.
---------------------------------------------------------------x

## ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION[1]

Everyday Logistics, LLC, the debtor and debtor in possession herein (the "Debtor" or the "Proponent"), having filed the Debtor's Second Amended Plan of Reorganization, dated October 2, 2013; and a copy of the Second Amended Disclosure Statement in connection therewith having been approved by the Court and transmitted to creditors and equity security holders together with a ballot, to those entitled to vote, for voting to accept or reject such plan; and the Debtor having filed its Third Amended Plan ("Plan") on October 6, 2013 and tabulation of ballots and a declaration in support of confirmation the Plan; and upon the record hearing held by this Court on November 8, 2013 on the Debtor's request for confirmation of the Plan (the "Confirmation Hearing") and all testimony and representations made at the Confirmation Hearing; and the Court having considered the Plan and all documents and testimony filed and proffered in support of confirmation of the Plan; and after due deliberation and sufficient cause appearing therefor, this Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

[1] All terms not defined in this Order shall have the definitions ascribed to them in the Plan.

10-22026-rdd    Doc 174    Filed 11/12/13    Entered 11/12/13 10:53:41    Main Document
Pg 2 of 7

      A.      The sale of the Debtor's real property located at 400 Granite Road, Kerhonkson, New York (the "Property") to Granit at the Hudson Valley Resort LLC or its designee (the "New Owner") under the Plan is an arms-length transaction, non-collusive, fair and reasonable, and such sale is made in good faith and is in the best interests of the Debtor, its estate and Creditors,

      B.      The mortgage lien of Kennedy Funding, Inc. ("Kennedy Funding") (and all related obligations owed by the Debtor to Kennedy Funding), which as provided in the Plan shall survive confirmation of the Plan and remain a first priority lien against the Property, regardless of any transfer of title to the Property pursuant to the Plan or otherwise, is properly perfected, valid, and enforceable on the terms thereof.

      C.      The New Owner, as transferee of the Property, is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provisions of law,

      D.      The sale of the Property to the New Owner was not controlled by an agreement among potential purchasers in violation of Bankruptcy Code § 363(n), and

      E.      The requirements for confirmation of the Plan set forth in 11 U.S.C. § 1129(a) have been satisfied at the Confirmation Hearing; among other things, the Plan complies with the applicable provisions of the Bankruptcy Code, including §§ 1122, 1123, 1124, 1125, and 1126, in accordance with § 1129(a)(1),

      F.      All objections to the plan have been withdrawn, overruled, or otherwise resolved,

      G.      Kennedy Funding's request to change its ballot to a ballot accepting the Plan is permissible,

   H.  The Plan does not make any material modification to the Second Amended Plan and, therefore, no further notice nor re-solicitation of votes on the Plan is necessary, and

   I.  Cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order;

NOW THEREFORE, IT IS:

   ORDERED, that Kennedy Funding is authorized to amend its ballot to a ballot accepting the Plan; and it is further

   ORDERED, that the Debtor is authorized to amend the Second Amended Plan, in the form of the Plan, without the requirement of further notice or re-solicitation of votes; and it is further

   ORDERED, that pursuant to section 1129 of the Bankruptcy Code, the Plan is confirmed; and it is further

   ORDERED that the stay of this Order imposed by Rule 3020(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") is waived and that notwithstanding Bankruptcy Rule 3020, or any other Bankruptcy Rule, provision of the Bankruptcy Code or Rocal rule to the contrary, this Confirmation Order shall become effective immediately upon its entry; and it is further

   ORDERED, that the mortgage lien of Kennedy Funding (and all related obligations owed by the Debtor to Kennedy Funding) is deemed properly perfected, valid, and enforceable on the terms thereof, shall survive confirmation of the Plan, and shall remain a first priority lien against the Property, regardless of any transfer of title to the Property pursuant to the

Plan or otherwise. This provision shall survive any dismissal of the Bankruptcy Case or its conversion to Chapter 7 and shall be binding on any trustee and in any subsequent bankruptcy case filed by or against the Debtor; and it is further

ORDERED, that the Kennedy Funding secured claim, classified in Class 1 under the Plan, shall be deemed restructured in accordance with the terms of the Plan upon the later of (i) the Effective Date of the Plan and (ii) full execution of and closing under the Forbearance Agreement (as defined in the Plan, the "Forbearance Agreement"), the final version of which (together with any attachments and exhibits) must be in form and substance satisfactory to Kennedy Funding in its sole discretion and in conformity with the Plan, and which Forbearance Agreement shall not be binding upon Kennedy Funding until it is executed by Kennedy Funding; and it is further

ORDERED, that in furtherance of the Plan, the Debtor is directed to sell, transfer and convey the Property to the New Owner as set forth in the Plan and this Confirmation Order, free and clear of all liens, encumbrances and interests, except the mortgage lien of Kennedy Funding (and all related obligations owed by the Debtor to Kennedy Funding), which remains a first priority lien against the Property as set forth in the Plan and this Confirmation Order, to the fullest extent permitted pursuant to 1123(b)(4) of the Bankruptcy Code, with all such liens claims and encumbrances and interests, except the mortgage lien of Kennedy Funding, whether known or unknown, to attach to the proceeds of sale in the same amount and priority and subject to the same defenses as existed immediately before the sale, as provided in the Plan; and it is further

ORDERED, that upon the transfer of the Property as described in the Plan and this Confirmation Order, the New Owner shall be deemed to have assumed (and shall be

4

obligated to comply with) all covenants and obligations of the borrower under the Kennedy Funding mortgage and all related instruments, including, without limitation all insurance obligations.  This provision shall survive any dismissal of the Bankruptcy Case or its conversion to Chapter 7 and shall be binding on any trustee and in any subsequent bankruptcy case filed by or against the Debtor; and it is further

ORDERED, that on the Effective Date, the Debtor be, and it hereby is, directed to (a) execute and deliver such documents (collectively, the "Closing Documents") as may be necessary and as may be reasonably requested by New Owner for the Debtor to close the sale of the Property to the New Owner as set forth in the Plan, (b) turn over to the New Owner the Property, all books, records, files, and other documents relating to the Property, (c) turn over to the New Owner all deposits in its possession, which shall be held by the New Owner and used or applied in accordance with the terms of the subject agreements and applicable law, and (d) turn over to the New Owner such other items, documents and information in its possession relating to the Property which may be reasonably requested by New Owner; and it is further

ORDERED, that the Debtor is authorized and directed to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and this Order, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation; and it is further

ORDERED, pursuant to Bankruptcy Code § 1146, that all transactions in furtherance of the restructuring of Kennedy Funding's secured claim under the Plan and the transfer of the Property as provided in the Plan, including but not limited to the delivery of the Deed to be issued to the purchaser pursuant to the Plan and the filing of any mortgage, mortgage

assignment, mortgage assumption and/or mortgage modification, shall be made in implementation of the Plan and qualify for the tax exemption under section 1146(a) of the Bankruptcy Code, such that the filing of such Deed, mortgage, mortgage assignment, mortgage assumption and/or mortgage modification shall not be subject to payment of any State transfer tax, stamp tax or similar tax to the fullest extent provided in section 1146(a) of the Bankruptcy Code; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan and any and all deeds, mortgages, mortgage assignments, mortgage assumptions and/or mortgage modifications; and it is further

ORDERED, the Debtor or the New Owner, as the case may be, shall comply with the terms of the equipment lease with Textron Financial Corporation through termination, including, without termination, (a) payment of the December and January lease payments of $3,028 each on the Effective Date, and (b) turnover of the leased equipment to Textron upon termination of the lease; and it is further

ORDERED, that the Debtor shall be the disbursing agent under the Plan responsible for making Effective Date distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions; and it is further

ORDERED, that the Debtor shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Debtor shall file such status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

ORDERED, that the Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier; and it is further

ORDERED, that in the event of any conflict between the Plan and this Confirmation Order, this Confirmation Order shall prevail; and in the event of any conflict between this Confirmation Order and the Forbearance Agreement, the Forbearance Agreement shall prevail; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction to enforce the terms of this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan.

Dated: White Plains, New York
      November 12, 2013

                          /s/Robert D. Drain
                          UNITED STATES BANKRUPTCY JUDGE